EDWARD E. RIECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79157.    Promulgated May 28, 1937.

*W. W. Booth, Esq., W. A. Seifert, Esq.,* and *A. G. Wallerstedt, Esq.,* for the petitioner.

*E. M. Woolf, Esq.,* and *F. R. Shearer, Esq.,* for the respondent.

1180

## OPINION.

BLACK: The respondent concedes that petitioner is entitled to deduct from his gross income for 1932 the amount of $56,517 as a loss due to his investment in 129 shares of Diamond National Bank stock, which stock became worthless during the taxable year 1932; that after the allowance of this deduction petitioner had no net income subject to tax; that his tax liability for 1932 was nil; and that, therefore, petitioner overpaid his taxes for 1932 in the total amount of $2,057.98.

The respondent's position is that, notwithstanding the admitted fact that petitioner overpaid his taxes for 1932 in the amount of $2,057.98, the refund of such amount, or any portion thereof, is now barred by the statute of limitations, namely, section 322 of the Revenue Act of 1932, as amended by section 504 (a) of the Revenue Act of 1934, the material part of which statute as amended is as follows:

(c) EFFECT OF PETITION TO BOARD.—If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272 (a) and if the taxpayer files

a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except * * * [Exceptions not here material.]

(d) OVERPAYMENT FOUND BY BOARD.—If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. *No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision that it was paid within two years before the filing of the claim or the filing of the petition, whichever is earlier.* [Italics supplied.]

The part of paragraph (d) above, which is in italics, was added by section 504(a) of the Revenue Act of 1934.

The parties have stipulated that no claim for refund has been filed. Therefore, the question we have to decide is whether the $1,669.92 which petitioner paid September 5, 1934, was paid within two years before the filing of the petition.

The respondent contends that the "petition" referred to in the statute must in effect be interpreted, in so far as it affects this case, as meaning the "petition as amended" for the reason that the overpayment is due entirely to the allowance of the $56,517 loss and the petition as originally filed did not assign as error the failure of the respondent to allow that loss, and that, when so interpreted, the refund of the $1,669.92 is also barred as petitioner paid the amount more than two years before the filing of the amendment to the petition. The respondent proceeds to justify this contention on two principal grounds, namely, (1) that whenever a refund is involved in a proceeding before the Board the same rule regarding amendments to the petition filed with the Board should apply as applies to amendments to claims for refund filed with the Commissioner, and (2) that, aside from the rules governing claims for refund filed with the Commissioner, it is a general rule of law that no new and distinct cause of action which is barred by the statute of limitations can be asserted in a pending lawsuit by means of an amendment to the pleadings, and that the amendment to the petition in the instant case raised a new and distinct cause of action.

Regarding claims for refund, the Supreme Court has held in several cases that if a taxpayer corporation files a timely *general* claim for refund with the Commissioner without stating the specific grounds relied upon, it may amend its claim and state the specific grounds relied upon at any time before the claim is finally rejected, even though the time has expired within which a new claim might

be filed, *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62; *United States* v. *Factors & Finance Co.*, 288 U. S. 89; *Bemis Brothers Bag Co.* v. *United States*, 289 U. S. 28; *George Moore Ice Cream Co.* v. *Rose*, 289 U. S. 373, but where a taxpayer corporation files a timely specific claim for refund based upon a specific request for special assessment and abandons the position that there had been any error of fact or law in the assessment of the tax according to the normal method, it can not, after the statute has run for filing a new claim, amend the claim and allege that its profits taxes should be determined according to the normal method. *United States* v. *Henry Prentiss & Co.*, 288 U. S. 79.

For reasons given later in this opinion, we do not think that petitions before the Board are subject to the same rules regarding amendment as are applied to claims for refund filed with the Commissioner. For that reason we will not undertake to decide whether the filing of the amendment to the petition in the instant case would be permissible under the decisions of the Supreme Court above quoted if the same rule applied to it as applies to amending claims for refund.

The reasons why we think that petitions before the Board are not subject to the same rules regarding amendment as are applied to claims for refund filed with the Commissioner are that the Board was created and continued as an independent agency in the executive branch of the Government and Congress has specifically prescribed that its proceedings shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board itself may prescribe. It has been held that the question of what constitutes a "petition" is one for the Board to determine. *Continental Petroleum Co.* v. *United States*, (Dist. Ct., W. D. Okla., Apr. 14, 1936, not reported); affirmed by the Tenth Circuit, 87 Fed. (2d) 91. The petition here in question was in all respects regular and the amendment thereto was offered and allowed in accordance with the Board's rules and with no objection on the part of the respondent as to the propriety of permitting it to be filed. The respondent merely argues as to the legal effect of the amendment. He argues that, due to section 322 (d) of the Revenue Act of 1932, as amended by section 504 (a) of the Revenue Act of 1934, the amendment to the petition is wholly ineffective in so far as authorizing the refund of the admitted overpayment. This brings us to the consideration of respondent's second principal ground mentioned above, which is that the amendment to the petition sets up a new cause of action and starts a new date for the filing of the petition.

The leading cases relied upon by respondent in support of his second ground are *Union Pacific Railway Co.* v. *Wyler*, 158 U. S. 285; *Willard* v. *Wood*, 164 U. S. 502; and *Lorenzen* v. *United States*,

41 Fed. (2d) 369; affd., 52 Fed. (2d) 106. In the last mentioned case the United States District Court, W. D. Missouri, stated the principal of law relied upon by respondent as follows:

It is undoubtedly the law that, although a cause of action is instituted within the time provided for in the statute of limitations, an amendment to such cause of action which states a new and different cause of action, unless the amendment is also within the time provided for in the statute, can not be maintained. It is barred by the statute of limitations.

We do not question the correctness of the above statement of law. The difficulty is not with the statement itself, but with what constitutes a "cause of action" in cases involving the determination of the income tax liability of taxpayers.

Did the amendment to the petition, which was filed pursuant to leave granted in our order dated September 28, 1936, set up a new cause of action? We think not. Proceedings are brought before this Board in cases where the Commissioner has determined a deficiency for a given taxable year. If the petition has been properly filed, the Board has jurisdiction to determine the correct tax liability for that year.

It seems plain to us that it was the intent of Congress, in establishing the Board of Tax Appeals and in enacting statutes to govern the hearing and decision of tax cases before it, that the entire tax liability of the taxpayer should be determined for the given taxable year, assuming, of course, that issues are properly raised.

If there is no deficiency, that fact should be determined; if there is a deficiency, then the amount thereof should be determined. If there is an overpayment, then that fact should be determined, and, where section 504 of the Revenue Act of 1934 is applicable, we should also determine, as a part of our decision, the amount of the overpayment which was paid within the time prescribed by the applicable revenue act to save it from the running of the statute of limitations; or, if there is an increased deficiency over that determined by the Commissioner, that fact should be determined, when the Commissioner has properly pleaded the necessary allegations for the determination of an increased deficiency.

It seems clear that, where the original deficiency notice was sent to the taxpayer prior to the expiration of the statute of limitation, the Commissioner may amend his pleadings and ask for an increased deficiency on grounds entirely different from those originally relied upon, even though the time of filing the amendment to his answer asking for the increased deficiency would be barred by the statute of limitations if it were an original deficiency notice. In such a case, the Commissioner's claim for the increased deficiency relates back

to the time of mailing the original deficiency notice. Cf. *Davison* v. *Commissioner*, 60 Fed. (2d) 50. It seems to us that it would be a strained construction for us to hold that an amendment to a petition which merely sets up an additional assignment of error and facts to support it would be setting up a new cause of action and thereby fix a new date as the date of the filing of the petition. We can not subscribe to such a theory.

In *Peruna Co.*, 11 B. T. A. 1180, we held that the cases of *Union Pacific Railway Co.* v. *Wyler*, *supra*, and *Willard* v. *Wood*, *supra*, were not there in point, and, among other things, we said:

> In the present case, as in *Eastman Gardiner Naval Stores Co.*, *supra*, petitioner had one right of action in the sense that term is used in the cases cited. This was its right to petition this Board for a review of its income-tax liability for certain years as finally determined by the Commissioner. When the petition was filed the final determination had been made and the petitioner was seeking a review thereof. It was not a condition which gave him two distinct rights of action under which he elected to pursue one and then save the benefit given by the other, as in the *Weyler* case.

It follows that if the amendment to the petition in the instant proceeding did not set up a new cause of action, and we do not think it did, then it relates back and is effective from the date the original petition was filed. *United States* v. *Memphis Cotton Oil Co.*, *supra*. It is considered as incorporated into and as a part of the original petition. *Underwood Contracting Corporation* v. *Davies* (C. C. A., 5th Cir.), 287 Fed. 776; *Chesapeake & Ohio Railroad Co.* v. *Coffey* (C. C. A., 4th Cir.), 37 Fed (2d) 320, 323; certiorari denied, 281 U. S. 479 (amending to show diversity of citizenship), quoting the following from *Texas Portland Cement Co.* v. *McCord*, 233 U. S. 157:

> "It is elementary that an amendment dates back to the filing of the petition, and is to supply defects in the cause of action then existing, or at most to bring into the suit grounds of action which existed at the beginning of the case. *United States ex rel. Texas Portland Cement Co.* v. *McCord*, 233 U. S. 157, 94 S. Ct. 550, 553, 58 L. Ed. 893."

In *Western Wheeled Scraper Co.* v. *United States*, 72 Fed. (2d) 487, the court said:

> A statute giving a taxpayer the opportunity to secure a refund of an overpayment is to be liberally construed in the taxpayer's favor. *Bonwit Teller & Co.* v. *United States*, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018.

Reviewed by the Board.

*A decision will be entered that there is an overpayment of tax for the taxable year 1932 in the amount of $2,057.98, and that $1,669.92 thereof was paid within two years before the filing of the petition in this proceeding.*