DENHOLM AND McKAY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89606. Promulgated April 30, 1940.

*Howe P. Cochran, Esq.*, for the petitioner.
*E. L. Updike, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: On July 24, 1939, on consideration of alternative computations filed pursuant to report promulgated April 14, 1939 (39 B. T. A. 767), and in reliance on the decisions of the Board in *Edward E. Rieck*, 35 B. T. A. 1178, and *Georgie W. Rathborne*, 39 B. T. A. 56, and notwithstanding the reversal of the Board's decision in the *Rieck* case in *Commissioner* v. *Rieck*, 104 Fed. (2d) 294, decision was entered in this proceeding as follows:

This proceeding was called from the Day Calendar of July 5, 1939, for hearing on settlement under Rule 50, and after argument same was taken under submission with leave to the petitioner to file a revised recomputation within ten days. Petitioner having filed a revised recomputation on July 11, 1939, and after due consideration, it is

ORDERED AND DECIDED: That there is an overpayment in income tax for the fiscal year ended January 31, 1935, in the amount of $821.37, which was paid within less than three years before the filing of the original petition.

On September 8, 1939, respondent filed a motion to vacate the decision and for reconsideration, which motion was duly entertained by the Board, final action thereon being postponed pending action of the Supreme Court of the United States on application for a writ of certiorari in the case of *Rieck* v. *Helvering*. Certiorari was denied November 6, 1939, 308 U. S. 602. Action was further postponed to await deciison of the Circuit Court of Appeals for the Second Circuit in *Commissioner* v. *Estate of George M. Dallas*.

On March 25, 1940, the United States Circuit Court of Appeals for the Second Circuit, in *Commissioner* v. *Estate of George M. Dallas*, 110 Fed. (2d) 743, reversed a memorandum opinion of the Board which had held to the same effect as *Edward E. Rieck, supra*. The court pointed out that its decision was in accord with the decision of the Third Circuit in *Commissioner* v. *Rieck, supra*.

On consideration of the opinions of the Circuit Courts of Appeal in the two cited cases, we hold that an amended petition raising a new issue, filed more than three years after the payment of the tax, does not relate back to the time of filing of the original petition for the purpose of applying section 322 (d) of the Revenue Act of 1934, as amended by section 809 (a) of the Revenue Act of 1938.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

BLACK, dissenting: I respectfully dissent from the majority opinion for reasons which I shall state presently.

Before entering upon any discussion of the majority opinion, I think it would be well to have before us a brief statement of the facts which concern the point at issue. The motion of the Commissioner asking the Board to vacate its former decision and enter one in conformity with the court's opinion in *Commissioner* v. *Rieck*, 104 Fed. (2d) 294, seems to correctly and fully state the pertinent facts and I quote from it, as follows:

On April 18, 1935 taxpayer paid the sum of $821.37 as income tax for the fiscal year ended January 31, 1935.

No claim for refund has been filed by the taxpayer in respect to its income tax liability for the fiscal year ended January 31, 1935.

"The original petition" in this proceeding was filed with the Board on June 24, 1937. In the original petition the assignments of error were:

"(a) The Commissioner of Internal Revenue erred in adding to the income shown by the return an item of $36,150.50, described by him as 'Realty Company dividends'.

"(b) The Commissioner of Internal Revenue erred in adding to the income shown by the return an item of $7,429.37, described by him as 'Received from Mutual Insurance Companies.'"

On May 6, 1938, an amended petition was lodged with the Board and pursuant to leave granted filed on May 7, 1938. In the amended petition the assignments of error were:

"(a) The Commissioner of Internal Revenue erred in adding to the income shown by the return an item of $36,150.50, described by him as 'Realty Company dividends.'

"(b) The Commissioner of Internal Revenue erred in adding to income shown by the return an item of $7,429.37, described by him as 'Received from Mutual Insurance Companies.'

"(c) The Commissioner of Internal Revenue erred in failing to allow a deduction in the amount of $56,222.08 city property taxes accrued on January 1, 1935."

There is no allegation in the original or the amended petitions in respect to the date and amount of the payment by the taxpayer of any income tax for the fiscal year ended January 31, 1935. In the prayer of the amended petition it is prayed that the Board allow as deductions the three amounts mentioned in

the assignments of error and that "the Board may find that this petitioner has overpaid its taxes for the year ended January 31, 1935 and that the recovery of the overpayment is not barred by the statute of limitations".

The taxpayer's Federal income tax liability for the fiscal year ended January 31, 1935, computed in accordance with the report promulgated by the Board on April 14, 1939, is as follows:

| | | |
|---|---:|---:|
| "Net income shown in notice of deficiency | | $54,182.08 |
| Less: | | |
| (a) Amount of preferred dividends of the Denholm and McKay Realty Company allowed by the Board as rent | $36,150.50 | |
| (b) Insurance premiums overpayments | 7,429.37 | |
| (c) Taxes accrued on January 1, 1935 allowed by the Board as rent | 56,222.08 | |
| | | 99,801.95 |
| Net taxable income as adjusted | | None |
| Income tax liability | | None |
| Tax assessed (Account # 400636) | | $821.37 |
| Tax paid (April 18, 1935) | | $821.37 |
| Income tax liability | | None |
| Overpayment | | $821.37" |

The issue with respect to the deductibility of the item of $56,222.08 taxes accrued on January 1, 1935, was first presented in the amended petition lodged with the Board on May 6, 1938, and filed pursuant to leave granted on May 7, 1938.

No portion of the income tax paid by this taxpayer for the fiscal year ended January 31, 1935 was paid within three years before the filing of the amended petition.

The entire overpayment of $821.37 is due to the allowance by the Board of the $56,222.08 taxes accrued on January 1, 1935, in that without such allowance there would be a deficiency rather than the stated overpayment.

In dissenting from the majority opinion I, of course, recognize that the opinion is in accord with *Commissioner* v. *Rieck*, *supra*, and *Commissioner* v. *Dallas*, 110 Fed. (2d) 743. With all due respect to the opinions of these learned courts, I think they are wrong in applying the same rule to amended petitions filed with the Board of Tax Appeals as is applied to claims for refund which are filed with the Commissioner of Internal Revenue.

If in the matter of permitting amendments to petitions filed with the Board by taxpayers it is governed by the same rules as govern the Commissioner of Internal Revenue in matters pertaining to amendments to claims for refund filed with him, then undoubtedly under the Supreme Court's decision in *United States* v. *Andrews*, 302 U. S. 517, and *United States* v. *Garbutt Oil Co.*, 302 U. S. 528, the amened petition in the instant case was filed too late to be the

basis of a refund of the overpayment found by the Board. But it is my view that the rules governing the Board of Tax Appeals in the matter of permitting amendments to petitions filed with it by taxpayers are altogether different from the rules which the Commissioner has prescribed in his regulations for amending claims for refund.

My views in that respect were rather fully stated in *Edward E. Rieck*, 35 B. T. A. 1178, and I respectfully refer to what I said there to save repetition here. It is true, of course, that the Board of Tax Appeals is not a court. Congress was content to establish the Board as a "legislative inferior tribunal, having judicial powers within its limited jurisdiction and capable of handing down not merely administrative determinations but judicial decisions." *Garden City Feeder Co.*, 27 B. T. A. 1132; affirmed on this point and reversed on another point, 75 Fed. (2d) 804. The Supreme Court, notwithstanding its statement that the Board is not a court, recognizes the judicial character of its jurisdiction and powers. *Blair* v. *Oesterlein Machine Co.*, 275 U. S. 220; *Williamsport Wire Rope Co.* v. *United States*, 277 U. S. 551; cf. *Pierce Oil Corporation*, 30 B. T. A. 469.

The Board of Tax Appeals has rules of practice, promulgated pursuant to authority of section 907 (a) of the Revenue Act of 1924, as amended by section 601 of the Revenue Act of 1928, which provide in part that "The proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe and in accordance with the rules of evidence applicable in courts of equity of the District of Columbia." Rule 17 of the Board's Rules of Practice relates to amended and supplemental pleadings and reads as follows:

The petitioner may, as of course, amend his petition at any time before answer is filed. After answer is filed, a petition may be amended only by consent of the Commissioner or on leave of the Board.

All motions to amend, made prior to the hearing, must be accompanied by the proposed amendments or amended pleading.

Upon motion made, the Board may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof.

When motions to amend are granted at the hearing, the amendment or amended pleading shall be filed at the hearing or with the Board within such time as the Division may fix.

[See Rules 4 and 19.]

It was under this rule that petitioner was granted leave on May 7, 1938, to file an amended petition setting up in addition to the grounds of error assigned in the original petition a new assignment of error, reading as follows: "(c) The Commissioner of Internal Revenue erred in failing to allow a deduction in the amount of $56,222.08, city

property taxes accrued on January 1, 1935." The Board in its opinion promulgated April 14, 1939, 39 B. T. A. 767, sustained this new assignment of error contained in the amended petition, as well as the first assignment of error, and the Commissioner conceded the second assignment of error. Unless the Board abused its discretion in granting petitioner permission to file the amendment in question, I think it is effective for all purposes. I have heard no suggestion that the Board abused its discretion in granting such an amendment.

The effect of the decisions of the court in the *Rieck* case, *supra*, and the *Dallas* case, *supra*, it seems to me is to hold that when such an amended petition is filed setting up an entirely new assignment of error, a new cause of action is begun and is tantamount to the filing of a new original petition. If that is true, then it would seem to me to follow that the Board would be without authority to grant a petitioner permission to amend his petition by setting up an entirely new assignment of error, unrelated to errors already assigned, even in cases where no overpayment is involved, after the 90-day period prescribed by the statute for appeal to the Board has expired. If a new and unrelated assignment of error pertaining to the same tax liability is held to raise a new cause of action, then the Board would be without jurisdiction to hear it if filed after the 90-day period for appeal to the Board has expired.

If that is the correct rule of law, then a petitioner to the Board of Tax Appeals must raise in his original petition every ground upon which he relies at the peril of never being able to raise them; after the 90-day period has expired he may amend only in the way of perfecting amendments to the grounds of error already assigned; and he may not file an amended petition which raises an entirely new ground of error on the part of the Commissioner, for to do so would, under the rule laid down by the courts in the *Rieck* and *Dallas* cases, be raising a new cause of action.

For a discussion of the problem as to when an amendment sets up a new cause of action in pleadings generally, see Justice Cordozo's discussion in *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62. See also *Guettel* v. *United States*, 95 Fed. (2d) 229, in which the court, among other things, said:

A single tax was assessed and a single tax was paid. Because the tax assessed and paid was in excess of what was legally due the government, it was obligated to repay the entire excess; *but the cause of action for the recovery of the whole excess arose out of one transaction and was a single cause of action, regardless of the number of grounds upon which the tax was excessive.* [Emphasis supplied.]

I prefer to believe that such an amendment as we have here, filed with the permission of the Board, does not raise a new cause of action,

but merely perfects and enlarges the one already before the Board, and, as we said in *Edward E. Rieck, supra,* relates back to the time of the filing of the original petition. Cf. *United States ex rel. Texas Portland Cement Co.* v. *McCord,* 233 U. S. 157, 164.

Therefore, I think the decision of the Board in the instant case should be that "There is an overpayment in petitioner's income tax for the fiscal year ended January 31, 1935, in the amount of $821.37, which amount was paid within three years before the filing of the petition on June 24, 1937."

LEECH, HARRON, and KERN agree with this dissent.