ADOLPH B. SPRECKELS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94621, 95639. Promulgated May 21, 1940.

*Walter Slack, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

**1206**

OPINION.

DISNEY: 1. Are selling commissions paid by a trader in securities deductible as business expense?

After the decision of the Circuit Court in *Winmill* v. *Commissioner*, 93 Fed. (2d) 494, we allowed selling commissions' as well as purchasing commissions, in *Harry H. Neuberger*, 37 B. T. A. 223. On appeal to the Circuit Court our decision as to selling commissions was affirmed. *Neuberger* v. *Commissioner*, 104 Fed. (2d) 649. Certiorari was not applied for by the Commissioner. We think the dicta in *Helvering* v. *Winmill*, 305 U. S. 79, and in *Helvering* v. *Union Pacific R. R. Co.*, 293 U. S. 282, referred to by respondent, are not decisive of the point here presented. We hold therefore that the respondent upon the point is in error, and that the selling commissions are allowable deductions.

The result, as to the year 1935 and in proceeding No. 94621, is that we find there is no deficiency and that there is an overpayment of tax by the petitioner in the amount of $1,323.70 paid on December 11, 1936, both within three years before the filing of claim therefor by amendment to the petition filed on June 8, 1939, and within three years before the filing of the claim for refund on March 9, 1939.

As to the year 1934, in proceeding No. 95639, a different situation is presented. The result of a stipulation entered into at the hearing is that there was an overpayment for the year 1934, but the respond-

ent objected to the filing of the amendment to the petition, on the ground that the claim of overpayment thereby advanced was not timely, being presented for the first time on June 8, 1939, more than three years after the payment of the last installment of tax. Respondent relies on *Commissioner* v. *Rieck*, 104 Fed. (2d) 294; certiorari denied, 308 U. S. 602, and the cases therein cited, and says that case bars consideration of the selling commissions as new grounds for claim of overpayment, because set up by amendment after the statute had run. Petitioner refers us to *Georgie W. Rathborne*, 39 B. T. A. 56. In the latter we followed our decision in *Edward E. Rieck*, 35 B. T. A. 1178, which was reversed by *Commissioner* v. *Rieck, supra.* In both cases we had entertained and allowed claims for overpayment on new grounds set up in amended petitions, on the theory that such amendments related back to the filing of the original petition, and were therefore not within the bar of the statute. This theory is untenable since the decision of the Circuit Court in the *Rieck* case. Petitioner, however, seeks to avoid the effect of that decision by a contention that "The new error assigned in the amended petition does not give rise to this overpayment, but serves to prevent its reduction on account of other adjustments." He also argues:

> * * * petitioner is not asking for a refund of any taxes paid by reason of his failure to deduct selling commissions in preparing his 1934 income tax return, but is asking for the full allowance of a timely refund claim resulting from a failure to claim a deduction for stamp taxes paid during that year, the amount of which the respondent seeks to reduce by asserting other errors in the return. Petitioner claims the right to offset these other errors by the amount of selling commissions paid and thereby secure the full amount of his timely refund for the stamp taxes.

In other words, petitioner in effect contends that he is utilizing the claim as to deductible selling commissions, not as new ground for claim of overpayment, but merely to offset the offset which the Commissioner, by other items, set up against the original claim of overpayment on grounds of stamp taxes paid but not deducted. Thus, petitioner seems to argue, the original claim for refund, timely filed, is left alive and undiminished, and he now claims thereunder. Thus petitioner seeks by indirection to accomplish what can not be. done directly. We think there is no essential difference between the situation here and in the *Rieck* case, for we think that petitioner is in fact relying upon new grounds for the overpayment. The amended petition, after reciting the facts as to payment of selling commissions of $23,909.29 and alleging thus deductibility, concludes:

> WHEREFORE, petitioner prays that this Board may hear the proceeding and determine that there is no deficiency in income tax due from petitioner for the

calendar year 1934, and that petitioner has overpaid his income tax for said year in the sum of $4,087.61, and that the amount of said overpayment was paid within three years before the filing of a claim for refund of said overpayment on December 23, 1937, and within three years before the filing of the original petition herein and that this petitioner is entitled to a refund of $4,087.61.

It thus appears that claim of overpayment is in fact set up anew in the amended petition, and that the only reason therefor lies in the new facts recited—the selling commissions. We think it apparent that the selling commissions are the ground of claim of overpayment. That there is new claim of overpayment is demonstrated by the fact that the claim is for $4,087.61 instead of $3,650.36, the amount of overpayment claimed in the original petition. Also, it is noteworthy that the $4,087.61 overpayment claimed in the amendment is the amount of the original refund claim, filed with the Commissioner prior to determination of deficiency. Thus it appears that petitioner is now relying, not upon his original claim of overpayment of $3,650.36, but instead upon the refund claim. But that refund claim was in effect allowed by the Commissioner, for in determining the deficiency he agreed (except as to $80) that the payment of stamp taxes, pressed as ground of the refund claim, was a deductible item, and therefore gave credit, in effect, against the deficiency otherwise appearing, of the amount of the refund claim, with the small exception of $80. In *Suhr* v. *United States*, 18 Fed. (2d) 81, a very similar situation appears. There a claim for refund was, as here, filed prior to determination of deficiency because of claim that nontaxable stock dividends had been reported as income. After examination of the taxpayer's books the Commissioner gave the taxpayer credit for the dividends, but found a deficiency because of other matters. The taxpayer appealed to the Board, alleging that there was no deficiency, but an overpayment. He also filed an action in the Federal court. The question was as to jurisdiction of the court. On appeal the Circuit Court said, as to the overpayment: "He was simply entitled to have the overpayment credited against his other tax liability." This seems exactly what the Commissioner did herein. We think it disposed of the original refund claim, that the petitioner here should not now be heard to rely upon that claim, and that he is in fact relying upon the new grounds as to selling commissions, barred by the statute. We find no material distinction between the situation here and that in *Commissioner* v. *Rieck*, *supra*. Moreover, that case has lately been approved and followed in *Commissioner* v. *Dallas*, 110 Fed. (2d) 743, wherein the facts were similar to those in the *Rieck* case. The court held that a refund of the overpayment was barred, under section 322 (d) of the

Revenue Act of 1932, by the lapse of more than two years before the filing of the amended petition which first set up the grounds of overpayment.

On April 30, 1940 (41 B. T. A. 986), we reconsidered the decision entered in *Denholm & McKay Co.*, 39 B. T. A. 767, and, following *Commissioner* v. *Rieck, supra*, and *Commissioner* v. *Dallas, supra*, held that an amended petition filed more than three years after payment of tax does not relate back to the time of filing of original petition so as to authorize the crediting or refunding of an overpayment in tax attributable to a new issue raised in the amended petition, under section 322 (d) of the Revenue Act of 1934, as amended.

It appearing, from evidence adduced since the filing of the amendment to the petition, that the last payment of tax had been made more than three years before the amendment, we conclude and hold that the petitioner's claim for refund of overpayment is barred by the statute of limitations. Sec. 322 (d), Revenue Act of 1934.

*Decision will be entered under Rule 50.*

