PRODUCERS OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93839. Promulgated December 5, 1940.

*Ralph M. Andrews, Esq., Robert R. Barrett, Esq.,* and *A. E. Surdam, C. P. A.,* for the petitioner.
*Loren P. Oakes, Esq.,* and *E. C. Algire, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined deficiencies in petitioner's income tax of $2,571.45 for 1934 and $1,534.18 for 1935. The case has been submitted on a stipulation. It has been stipulated that there are no deficiencies and that petitioner has made an overpayment for each year. But this overpayment may not be refunded "unless the Board determines as part of its decision that it was paid within three year before * * * the filing of the petition." Revenue Act of 1934, sec. 322 (d). A petition was filed within three years after payment (except as to the first installment paid March 11, 1935) and the question is whether this was a petition putting in issue the point upon which the overpayment is founded, as the petitioner contends, or whether that point was omitted from the petition, as the respondent contends. If the point was not put in issue by the petition, the determination necessary to a refund could not be made by the Board. *Commissioner* v. *Rieck,* 104 Fed. (2d) 294; certiorari denied, 308 U. S. 602; *Commissioner* v. *Dallas,* 110 Fed. (2d) 743; *Denholm & McKay Co.,* 41 B. T. A. 986; *Alfred L. Rose,* 41 B. T. A. 1073 (on review, C. C. A., 2d Cir.); *Adolph B. Spreckels,* 41 B. T. A. 1204 (on review, C. C. A., 9th Cir.). These cases hold that such a determination can not be made unless the timely petition squarely raises the point upon which the overpayment depends; an original or amended petition filed more than three years after payment raising a new and unrelated point will not support the determination. Although the petitioner made a motion to amend the petition, this motion was abandoned; and the question is therefore confined to the scope of the original petition.

The petitioner is an oil producer. Its return showed a deduction for depletion. Such a deduction is given by the Revenue Act of

1934, section 23 (m) [1] and section 114 (b) (3).[2]  The depletion was computed by the percentage method.  The Commissioner reduced the percentage deduction by recomputing the gross and net income upon which the 27½ percent and its 50 percent limitation are based.  The petition assigns as error the failure to allow deductions for depletion in specified amounts which result from a percentage computation.  In neither the notice of deficiency nor the petition is mention made of the unit method or of any of the facts upon which a proper deduction by that method would be computed.

From the stipulation it appears that the return contained the usual facts for computation by both methods [3] and it also appears that the return shows that the unit method deduction would be lower than the percentage method.  The stipulation contains all the facts and among them is a statement showing as to each property the figures in separate columns of gross sales, net income, unit depletion, 27½ percent of sales, 50 percent of income, and the allowable depletion resulting from the applicable method, being sometimes one and sometimes the other.  This is because under the last clause of section 114 (b) (3) the allowance under the percentage method may in no case be less than under the unit method.  To one using the percentage method a computation by the unit method is always necessary, for "in no case shall" the allowance be less than such a computation shows.  This is mandatory.

And it is important that it should be mandatory.  Section 114 is primarily one which prescribes the basis not only for depreciation and depletion, but also for future determination of gain or loss from sale or other disposition.  Thus the larger depletion serves to reduce the remaining basis and to increase a taxable gain or reduce a tax-reducing loss in the future.  This taxpayer had adopted the percentage method, and the statutory requirement prohibits a deduction under that method of less than a deduction based on cost.  The computation is inevitable; and, even if there had been no stipula-

---

[1] DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * * (For percentage depletion allowable under this subsection, see section 114 (b), (3) and (4).)

[2] (b) BASIS FOR DEPLETION.—

* * * * * * *

(3) PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion under section 23 (m) shall be 27½ per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property.  Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance under section 23 (m) be less than it would be if computed without reference to this paragraph.

[3] Regulations 86, article 23 (m), requires this information.

tion and the entire proceeding had been tried at an open hearing with nothing said about cost depletion, a recomputation under Rule 50 would still have required the comparison of the two methods of computation so that the decision should comply with the statute. *Mountain Producers Corporation*, 34 B. T. A. 409; affirmed on another point, 303 U. S. 376; *Transcalifornia Oil Co., Ltd.*, 37 B. T. A. 119, 127; *Cook Drilling Co.*, 38 B. T. A. 291, 297. Cf. *John E. Zimmermann*, 36 B. T. A. 618. And any evidence offered at the trial to show the unit cost depletion would be admissible and it would be error to exclude it. There would have been no variance, for both methods were always inherently necessary. Cf. *United States* v. *Garbutt Oil Co.*, 302 U. S. 528.

Thus the petition, filed within three years after overpayment, raised the question of the propriety of the Commissioner's determination of depletion which comprehended the proper computation under either method, and the finding will be made that the stipulated overpayment (except the portion paid March 11, 1935) was made within three years before the filing of the petition.

*Decision will be entered for the petitioner.*