AMERICAN SMELTING AND REFINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99850, 100562. Promulgated April 9, 1941.

*Floyd F. Toomey, Esq.,* for the petitioner.
*Thomas H. Lewis, Jr., Esq.,* for the respondent.

### OPINION.

SMITH: On July 14 and September 6, 1939, the respondent mailed to the petitioner notices of deficiency in income tax for 1936 and 1937 of $227,492.55 and $80,436.43, respectively. On August 25, 1939 (Docket No. 99850), and November 6, 1939 (Docket No. 100562), the petitioner filed petitions with this Board for a redetermination of the deficiencies, claiming that overpayments of tax had been made for each year. The respondent filed answers to the petitions on October 14 and December 11, 1939. On December 13, 1940, the petitioner lodged with the Board an amended petition in each case alleging an additional error committed by the respondent in the determination of the deficiencies, namely, that in computing undistributed net income the respondent had understated by $770,000 and $640,995.11, respectively, the dividends paid credit to which the petitioner is entitled under section 27 of the Revenue Act of 1936 and claiming larger overpayments than were claimed in the original petition. Each amended petition was accompanied by a "Motion for leave to file amended petition", which was granted on December 13, 1940. On January 27, 1941, the respondent filed motions to strike the amended petitions upon the ground that each was filed more than 90 days after the mailing of the deficiency notice.

The parties have stipulated, for the purpose of passing upon these motions, that refund claims for the alleged overpayments of tax for 1936 and 1937 would not have been barred by the statute of limitations if filed on December 13, 1940, the date of the filing of the amended petitions.

It is the contention of the respondent that the Board may not permit the filing of amended petitions or an amendment to petitions timely filed so as to raise a new assignment of error after 90 days from the mailing of the notice of deficiency. His contention is that a petitioner must file a petition with this Board within 90 days from the mailing of the deficiency notice and that where an amended petition or an amendment to a petition is filed after such 90-day period a new cause of action is presented which has not been timely filed. In the instant case the respondent alleges that the time for the filing of the petitions had expired before the amended petitions were tendered and that the amended petitions were not amendments of the original petitions but entirely new petitions.

In support of his contention the respondent cites *Rieck* v. *Commissioner* (C. C. A., 3d Cir.), 104 Fed. (2d) 294; certiorari denied, 308 U. S. 602; *Commissioner* v. *Dallas' Estate* (C. C. A., 2d Cir.), 110 Fed. (2d) 743; *Denholm & McKay Co.*, 41 B. T. A. 986; *Adoph B. Spreckels*, 41 B. T. A. 1204. He submits:

> The cases last above cited hold that the "petition" which Section 322 (d) requires to be filed within three years from the time the tax was paid, is the petition which alleges the error and the facts which support the error relied upon. There is no reason apparent from the language of the statute that the word "petition" as used in Section 272 (a), which requires the "petition" to be filed within ninety days after the mailing of the notice of deficiency, should be held to mean something else, that is, to mean a petition which does not allege the error and the facts which support the error relied upon. * * *

At the argument of this motion counsel for the respondent stated:

> The principle announced in the *Rieck* case, and in the *Dallas* case, is that any supposed amendment which sets out new facts in support of a new claim not supported by the facts originally pleaded is not an amendment at all, but is a new petition, and that such a petition does not relate back to the original filing date.

Under the provisions of law creating this Board and prescribing procedure before it, a taxpayer is permitted to appeal to it for the redetermination of a deficiency in tax determined by the respondent. Section 272 (a), Revenue Acts of 1936 and 1938, and the same section of the Internal Revenue Code. The Board is given authority to prescribe "rules of practice and procedure" in the performance of its duties. Sec. 1111, Internal Revenue Code. Under such authority the Board has prescribed Rule 17 of its Rules of Practice, which reads in material part as follows: "The petitioner

may, as of course, amend his petition at any time before answer is filed. After answer is filed, a petition may be amended only by consent of the Commissioner or on leave of the Board." This rule has been in effect in substantially the same form during the entire existence of the Board. Amendments to petitions have been allowed as a matter of course when made prior to the filing of an answer and leave has generally been granted by the Board to file an amended petition or an amendment to the petition when request therefor has been made after the filing of an answer.

The courts have gone even further than the Board in permitting amendments to original petitions filed. See *Chicago Railway Equipment Co.* v. *Blair* (C. C. A., 7th Cir.), 20 Fed. (2d) 10; *International Banding Machine Co.* v. *Commissioner* (C. C. A., 2d Cir.), 37 Fed. (2d) 660; *Excelsior Motor Manufacturing & Supply Co.* v. *Commissioner* (C. C. A., 7th Cir.), 43 Fed. (2d) 968; *Geuder, Paeschke & Frey Co.* v. *Commissioner* (C. C. A., 7th Cir.), 41 Fed. (2d) 308, 312, *Alameda Park Co.* v. *Lucas* (App. D. C.), 37 Fed. (2d) 805. In *Internationad Banding Machine Co.* v. *Commissioner*, *supra*, the court held that the Board erred in denying a motion to conform the pleadings to the proof where evidence had been received at the hearing without objection from Government counsel showing an error committed by the respondent in the determination of the deficiency which had not been pleaded. In no case has a decision of the Board been reversed by the courts, so far as the Board is able to determine, where the Board has permitted an amendment to the pleadings which raised a new assignment of error. The Board has not been criticized even for permitting such amendments. In fact it has been reversed where it failed to permit an amendment. This statement is limited, of course, to amendments relating to the redetermination of a deficiency.

The respondent plainly misconstrues the opinions of the courts in the *Rieck* and *Dallas' Estate* cases. The facts in the *Rieck* case were that upon the basis of the original petition filed the Board found a deficiency in tax of $3,173.50. Upon the basis of the amended petition the Board found that there was no deficiency in tax, but an overpayment instead. The Board held that, since the original petition was filed within two years from the date of the payment of the tax, the amendment to the petition filed more than two years after the date of the payment related back to the date of the original petition and that the overpayment was refundable. The court reversed the Board upon this issue upon the ground that the statute was specific that a claim for the refund of an overpayment of tax had to be filed within two years from the date of the payment and that there could not be an amendment of such claim raising a new assignment of error after the statute of limitations

had run. The court's decision was based upon *United States* v. *Andrews*, 302 U. S. 517, and *United States* v. *Garbutt Oil Co.*, 302 U. S. 528, 529. The court held that, since the statute was specific upon this point, a taxpayer appealing to this Board could not get the benefit of an amendment to his petition made more than two years after the tax was paid for the purpose of obtaining a refund. The court said:

> * * * The cited cases rule that an untimely claim cannot be brought within the two year limitation by calling it an amendment of a claim filed in time unless the amendment was properly allowed and that it is not properly allowed if based "on a new and unrelated ground," which by itself alone would be barred by the Statute.

The court therefore held that the Board erred in determining a refundable overpayment in that case. It did not hold that the amendment to the petition was invalid for the purpose of determining the deficiency. Under the mandate of the court the Board entered its decision with the approval of the Commissioner that there was no deficiency in tax, but an overpayment instead, which was barred by the statute of limitations.

Precisely the same facts were present in the *Dallas' Estate* case. Under the mandate from the court the Board entered its decision, not that there was a deficiency, but that there was an overpayment of tax, which was barred by the statute of limitations.

In *Denholm & McKay Co.*, *supra*, the Board held:

> On consideration of the opinions of the Circuit Courts of Appeal of the two cited cases [*Rieck* v. *Commissioner*, *supra*, and *Commissioner* v. *Dallas' Estate*, *supra*], we hold that an amended petition raising a new issue, filed more than three years after the payment of the tax, does not relate back to the time of filing of the original petition for the purpose of applying section 322 (d) of the Revenue Act of 1934, as amended by section 809 (a) of the Revenue Act of 1938.

That we reached a similar conclusion in *Adolph B. Spreckels*, *supra*, is apparent from the second paragraph of the headnote to our report, which reads in part:

> 2. Prior to determination of deficiency, petitioner filed a claim for refund of taxes paid, on the ground that he had not taken deduction for stamp taxes paid. In determining the deficiency, the stamp taxes were allowed as deduc-. tions, but other items resulted in determination of a deficiency. Stipulations show an overpayment of tax. At the hearing, more than three years after the last payment of tax, an amendment was filed, the effect of which was to claim, on new grounds, refund of overpayment. *Held*, the claim of overpayment is barred by limitations. Sec. 322 (d), Revenue Act of 1934; * * *

We are of the opinion that there is no merit in the respondent's contention that the Board erred in granting the filing of amended petitions more than 90 days after the dates of the mailing of the deficiency notices.

In point of fact the contention made by the respondent in this case was passed upon by the Board in *Bancitaly Corporation*, 34 B. T. A. 494, where the Board stated at page 496:

The respondent's motion, filed on October 24, 1934, to strike the amended petition in Docket No. 59674 from the record, on the ground that the same states a new cause of action and was filed more than two years subsequent to the payment of the tax and more than 60 days subsequent to the mailing of the notice of deficiency, which motion was taken under advisement at the hearing on the merits of the case, is denied.

Cf. *Producers Oil Corporation*, 43 B. T. A. 9.

The opinions of the courts and of the Board in the cases relied upon by the respondent go only so far as to say that the Board may not determine the refund of an overpayment of tax where the refund is based upon an amendment to a petition filed after the statute of limitations has run. It appears, however, from the stipulations of counsel in this case that the statute of limitations relative to the finding of overpayments of taxes for 1936 and 1937 is a three-year period and that the amended petitions were filed within such period. Therefore, the principle of law enunciated in the *Rieck* and *Dallas' Estate* cases has no application to these proceedings.

Orders will be entered denying the respondent's motion.

Reviewed by the Board.

---

BLACK, concurring: I concur in the result reached by the majority opinion. I do not do so, however, because I think that *Rieck* v. *Commissioner; Commissioner* v. *Dallas' Estate; Denholm & McKay Co.;* and *Adolph B. Spreckels*, mentioned in the majority opinion were rightly decided. My judgment is to the contrary and I stated my reasons in a dissenting opinion in the *Denholm & McKay Co.*, case. I shall not repeat here the words of dissent which I wrote in that case, but I respectfully refer to it for a more detailed statement of my views.

The gist of my dissenting opinion in the *Denholm & McKay* case was that in a proceeding filed with the Board of Tax Appeals contesting a deficiency determined by the Commissioner, the cause of action is the deficiency. Therefore, it is my opinion that in the above cited cases the courts and the Board are wrong in applying the same rule to amended petitions filed with the Board of Tax Appeals as is applied to claims for refund which are filed with the Commissioner of Internal Revenue. It is my view that an amendment to the petition which contains a new assignment of error does not set up a new cause of action, but merely has to do with the one already before the Board. I think that such an amendment, when filed by permission of the Board, "relates back" for all purposes to the time

of the filing of the original petition, and that the above cases are in error when they hold that such amendments are tantamount to the filing of new petitions.

If my views in this respect are wrong and the cases to which I have referred are right, then I think there is strong support for the Commissioner's motion in the instant case. But, for reasons which I have stated, I do not think the above cited cases were correctly decided.

I, therefore, concur with the majority opinion in its conclusion that the Commissioner's motion should be denied.

MELLOTT and HARRON concur in the above.

---

DISNEY, dissenting: I dissent. In *Edward E. Rieck*, 35 B. T. A. 1178, we considered the question to be "what constitutes a 'cause of action' in cases involving the determination of the income tax liability of taxpayers", and cited *Peruna Co.*, 11 B. T. A. 1180, where we said: "In the present case, as in *Eastman Gardiner Naval Stores Co.*, *supra*, petitioner had one right of action in the sense that term is used in the cases cited. This was its right to petition this Board for a review of its income tax liability for certain years as finally determined by the Commissioner." We concluded: "It follows that if the amendment to the petition in the instant proceeding did not set up a new cause of action, and we do not think it did, then it relates back and is effective from the date the original petition was filed." The Circuit Court of Appeals, Third Circuit, agreed with us that the question was properly stated by us, saying:

* * * The real question thus becomes, as formulated in the opinion of the Board, "what constitutes a cause of action in cases involving the determination of the income tax liability of taxpayers."

The court disagreed with our view that in the case presented no new cause of action was set up in the amended petition. The statute of limitations as to refund claims had run, and the case was reversed. It appears from the above that the cause of action is set forth in the petition filed with the Board. Though in the *Rieck* case the reversal was because of the fact that the claim for refund was set up by amended petition, after the running of the statute of limitations prescribed for such claims, nevertheless the opinion is based upon the fact of a new claim, not originally set forth in the petition, and in my opinion the thought is equally applicable to the 90-day limitation after deficiency notice. A new refund claim upon specific grounds is not covered by an original claim upon other specific grounds. *United States* v. *Garbutt Oil Co.*, 302 U. S. 528; *United States* v. *Andrews*, 302 U. S. 517. Therein the Court found

"the analogies of pleading" helpful, though not to be slavishly followed. We here have a cause of action pleaded within a prescribed period, setting forth a specific claim of overpayment, and a distinctly different claim thereafter asserted. I think the rule usually applicable to pleadings applies here, that the amendment sought does not merely better state the original cause of action, but states a cause of action not germane to the original, and that such amendment should not be permitted after the 90-day period.

ARNOLD agrees with this dissent.