Estate of Joseph R. McFadden, Deceased, David F. Maxwell and Joseph Blank, Co-Administrators v. Commissioner.
Estate of McFadden v. Commissioner
Docket No. 108339.
United States Tax Court
1944 Tax Ct. Memo LEXIS 362; 3 T.C.M. (CCH) 155; T.C.M. (RIA) 42245; February 24, 1944
*362 J. Warren Brock, Esq., 1418 Packard Bldg., Philadelphia, Pa., for the petitioner. Brooks Fullerton, Esq., for the respondent. MELLOTT
Memorandum Opinion MELLOTT, Judge: The Commissioner determined a deficiency in estate tax in the amount of $1,045.01. He has now stipulated that there is no deficiency in tax. The stipulation indicates that an overpayment of $431.79 has been made. The issue is whether we should grant petitioner's Motion for Leave to File an Amended Petition, the motion having been filed on October 25, 1943, accompanied, as required by Rule 17 of our Rules of Practice, by the proposed amended pleading. [The Facts] We find the facts to be as stipulated. Summarizing them, decedent Joseph R. McFadden died on January 13, 1939, on which date he was a citizen and resident of Philadelphia, Pa. David F. Maxwell and Joseph Blank were duly appointed administrators of his estate. An estate tax return was filed with the Collector of Internal Revenue at Philadelphia on March 2, 1940, and the tax shown to be due in the amount of $6,937.45 was paid on the same date. It is now stipulated that "the total * * * tax liability as mathematically computed * * * is $6,505.66." The *363 deficiency in tax was determined on May 8, 1941. Petition for redetermination was filed on August 6, 1941. One general and four specific charges of error were set out in the petition, the specific charges involving three increases in the value of property and the disallowance of a deduction of $5,000 paid by the administrators in connection with an audit. On the date the petition was filed there was pending before us a proceeding involving deficiencies in income taxes of the decedent for the years 1929, 1930, 1937 and 1938. Petition had been filed in that case on October 28, 1940. It was tried in October 1941, memorandum findings of fact and opinion was entered on April 30, 1942 and decision was entered on May 1, 1942. The instant proceeding was set for hearing on May 18, 1942. Upon receiving notice of such setting counsel for petitioners, on May 11, 1942, filed a motion to place it on the reserve calendar. The motion was endorsed. "The respondent has no objections to the granting of the within motion," and signed by counsel for the Commissioner. It was presented to, and granted by, us on May 12, 1942. The motion is incorporated herein by reference. It stated inter alia that *364 the increase in net taxable estate "will probably be more than off-set by the additional deductions to which petitioners are, or will be, entitled, by reason of the facts * * * [thereinafter] set forth"; referred to the pendency of the income tax case; averred that petitioners, at the date of the filing of the petition, did not know what the outcome in the income tax case would be and therefore could not set forth the additional deductions to which they would be entitled in determining the estate tax liability by reason of any additional income taxes, costs, expenses and counsel fee which would be paid by them; and stated that they would be unable to file an amended petition, "setting forth the facts with respect to such additional deductions" until the income tax case should be finally concluded. Decision in the income tax case became final on August 2, 1942. No further action was taken in the instant proceeding until October 25, 1943 when the motion for leave to file the amended petition was filed. The amended petition contains the charges of error set out in the original petition and several additional ones. Stated generally, they allege that petitioners should be allowed additional *365 deductions of (1) $8,000 attorneys' fees paid for successfully opposing deficiencies in the income tax case; (2) $475 costs and expenses in the income tax case; (3) deficiencies and interest aggregating $296.87 paid in the income tax case; and (4) additional attorneys' fee of $300 in the instant proceeding. Respondent opposes the filing of the amended petition on the ground that the statute of limitations had barred any right of refund prior to the date it was proffered. He cites Commissioner v. Rieck, 104 Fed. (2d) 294, reversing Edward E. Rieck, 35 B.T.A. 1178; Ordway v. United States, 37 Fed. (2d) 19; Rogan v. Taylor, 136 Fed. (2d) 598; and United States v. Frauenthal, 138 Fed. (2d) 188. He also attempts to distinguish United States v. Kales, 314 U.S. 186 upon which petitioners place their chief reliance. Before discussing the question as stated by petitioners - whether the motion to place the proceeding on the reserve calendar constituted, was equivalent to, or satisfied the requirements *366 of; a claim for refund or overpayment within the meaning of the applicable statute - a preliminary inquiry should be made to ascertain what statute is applicable. Petitioners cite sections 910 and 912 I.R.C. while respondent cites sections 319 (b) and (c) of the Revenue Act of 1926 as amended by section 810 of the Revenue Act of 1932. The Internal Revenue Code became effective February 10, 1939. The provisions of Subchapter A - Basic Estate Tax (sections 800 to 938 inclusive) "apply only to estates of decedents dying after the date of the enactment * * *." "Estate taxes in the case of decedents dying * * * prior to * * * [that date] remain subject to the applicable provisions of the Revenue Act of 1926 and prior revenue acts, except as such provisions are modified by legislation enacted subsequent to the Revenue Act of 1926." (Section 800. I.R.C.) (Compare section 401 of the Revenue Act of 1942 as to the applicability, e.g. of section 415 of that act, substituting the words "or the mailing of the notice of deficiency" for the words "or the filing of the petition" in section 912 I.R.C. The amendment, it will be noted, is "applicable only with respect to estates of decedents dying *367 after the enactment of" the act, viz. October 21, 1942.) Therefore sections 910 and 912 I.R.C. as originally enacted are not applicable in the instant proceeding nor are the amendments subsequently made. In spite of what has been said our task is essentially the same as though sections 910 and 912 I.R.C. were applicable; for the provisions of the Revenue Act of 1926, (sections 319(b) and (c)), as modified by legislation enacted subsequent thereto and prior to the death of the decedent (Section 810 of the Revenue Act of 1932, section 504 of the Revenue Act of 1934, and section 809 (e) of the Revenue Act of 1938), collectively make applicable the following statute: "All claims for the refunding of the tax imposed by this title alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. The amount of the refund shall not exceed the portion of the tax paid during the three years immediately preceding the filing of the claim, or if no claim was filed, then during the three years immediately preceding the allowance of the refund. "If the Board finds that there is no deficiency and further *368 finds that the executor has made an overpayment of tax, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the executor as provided in section 3220 of the Revised Statutes, as amended. No such refund shall be made of any portion of the tax unless the Board determines as part of its decision that such portion was paid within four years (or, in the case of a tax imposed by this title, within three years) before the filing of the claim or the filing of the petition, whichever is earlier, or that such portion was paid after the mailing of the notice of deficiency, except that where the decision of the Board is rendered before the expiration of thirty days after the date of the enactment of the Revenue Act of 1938, the credit or refund may be made of any portion paid after the mailing of the notice of deficiency." The purpose of the statute is to enable this tribunal to determine when an overpayment is refundable. Georgie W. Rathborne, 39 B.T.A. 56; H.R. No. 704, 73rd Congress, Second Session. The tax was imposed by Title III of *369 the Revenue Act of 1926 so no refund may be made unless we determine that it (or a portion of it) was paid within three years (1) before the filing of a claim for refund; or (2) before the filing of the petition; or (3) after the mailing of the notice of deficiency. It is clear under the stipulated facts that (3) is not applicable; and, since it is not discussed by etiher party upon brief, we will pass it without further discussion. The parties have agreed that the payment was made within three years before the filing of the petition; so if any charge of error contained therein could be construed to be a claim for an overpayment of tax or if the petition had been amended within three years after the payment of the tax to make claim for an overpayment of tax, we would have the power, and it would be our duty, to determine the portion, if any, which is refundable. Petitioners apparently recognize that Commissioner v. Rieck, supra, and some of the other cases cited by the Commissioner constitute an insuperable obstacle; for we "may not determine the refund of an overpayment * * * where the refund is based upon an amendment to a petition filed after the *370 statute of limitations has run." American Smelting & Refining Co., 44 B.T.A. 131, 135. Cf. Commissioner v. Dallas' Estate, 110 Fed. (2d) 743; Adolph B. Spreckels, 41 B.T.A. 1204, 1207, reversed in part and affirmed in part Spreckels v. Helvering, 119 Fed. (2d) 667 and 315 U.S. 626; [1]Denholm & McKay Co., 41 B.T.A. 986, reversed upon another issue 132 Fed. (2d) 243. Petitioners therefore rely entirely upon their contention that their motion to place the proceeding on the reserve calendar was "in substance or effect * * * a claim for refund or overpayment," timely filed, and hence they insist that we should find that the tax was paid within three years before the claim for refund was filed. In this posture they argue that the cases relied upon by the respondent are not applicable and that the rationale of such cases as United States v. Kales, supra;Bemis Bros. Bag Co. v. United States, 289 U.S. 28; United States v. Richards, 79 Fed. (2d) 797; *371 and United States v. Andrews, 302 U.S. 517 should be applied. We therefore consider the question from that angle. Giving the motion the most favorable interpretation, we do not believe it can be construed to be a claim for refund. It has none of the elements of such a claim. It called for no investigation to ascertain whether the taxpayer had any deductible expenditures which had not been considered. While it indicated there might be offsetting expenditures in the future, it did not assert a claim that could be acted upon. It could not have been accepted by the Commissioner or rejected by him as too general. Cf. United States v. Andrews, supra;United States v. Garbutt Oil Co., 302 U.S. 528. It did not assert a present right to a refund which would be claimed *372 upon the happening of a future contingency. United States v. Kales, supra.It cannot be upheld as a refund claim simply because the Commissioner endorsed it with the notation that he had no objection to its being granted; for this was not sufficient to charge him with knowledge that a claim might be made. He was not required to assume that the motion "was an informal claim for refund or anything more than it purported to be," particularly in view of the fact that there were then no excess payments to be refunded and no reason to anticipate that, whatever the liability of the estate might be as a result of the proceeding, it might not be determined before the running of the statute. Cf. United States v. Frauenthal, supra.In fact when the motion was filed on May 12, 1942, we had already entered our decision in the proceeding which formed the basis of the motion. That decision became final August 2, 1942 - eight months before the statute of limitations had run for the filing of a claim for refund. The Commissioner did not treat the motion as a claim for refund and it seems to be perfectly clear it was not filed for that *373 purpose by the administrators. We think the motion to place the proceeding on the reserve calendar was not an informal claim for refund and we so hold. The motion to file the amended petition is denied. Order to that effect will be entered. Giving effect to the stipulation of the parties Decision will be entered that there is no deficiency in tax and no overpayment.
Footnotes
1. The question with reference to amending the petition was not passed upon by either court, the Circuit Court of Appeals affirming our decision on the point "because the claimed additional refund was based upon selling commissions which we hold not deductible as expenses." The Supreme Court affirmed, discussing only that question.↩