Hardinge Company, Inc. v. Commissioner.
Hardinge Co. v. Commissioner
Docket No. 3640.
United States Tax Court
1947 Tax Ct. Memo LEXIS 185; 6 T.C.M. (CCH) 650; T.C.M. (RIA) 47158; June 13, 1947
*185 HILL Decision HILL, Judge: On May 28, 1947, a hearing was had herein in connection with a recomputation under Rule 50 based on our Memorandum Findings of Fact and Opinion entered January 22, 1947 [6 TCM 41. The parties hereto were agreed in their recomputations on the fact of a deficiency and the amount thereof in excess profits tax for the year 1940, but were in disagreement as to whether petitioner was entitled to a decision for overpayment of income tax for that year. After hearing and considering the argument of counsel on the indicated question in controversy, it is ORDERED AND DECIDED: That there is a deficiency in excess profits tax for the year 1940 in the amount of $652.62, and an overpayment of income tax for the same year in the amount of $798.49 which amount was paid within three years of the filing of the petition herein. Memorandum Accompanying Decision Under Rule 50 On May 28, 1947, a hearing was had herein under Rule 50 based on our Memorandum Findings of Fact and Opinion entered January 22, 1947 [6 TCM 41,]. The present problem in the recomputation involves the question of whether recognition can be given to petitioner's *186 overpayment or whether recovery is barred by the statute of limitations. The question arose in this manner: In his deficiency notice respondent, among other items, allowed petitioner a credit for foreign taxes paid for the year 1940, which credit petitioner had not claimed in its return. The determination that there was a deficiency for 1940 resulted from adjustments by respondent unrelated to allowed credit mentioned but the amount of the deficiency determined reflects the allowance of such credit. Petitioner, in its petition, alleged certain errors in connection with the deficiency notice but did not question respondent's allowance of the tax credit nor did petitioner specifically pray for a credit or refund on account thereof. Petitioner prayed for a decision under Rule 50. The parties agree that petitioner overpaid its income taxes for the year involved in the amount of $798.49 within three years of the filing of the petition herein. Petitioner filed no claim of overpayment for a refund thereof. Respondent, in his computation under Rule 50, refuses to allow petitioner the overpayment. Respondent's contention is that despite the fact he allowed a certain tax credit in determining *187 the deficiency and the amount thereof, petitioner has never filed a claim for refund and that petitioner did not pray for any credit or refund in his petition and that, therefore, any such claim is barred by the statute of limitations. Respondent relies on section 322(d) of the Internal Revenue Code as applicable to 1940 and which provides: "SEC. 322. REFUNDS AND CREDITS. * * *
"(d) Overpayment Found by Board. - If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision that such portion was paid (1) within three years before the filing of the claim or the filing of the petition, whichever is earlier, or (2) after the mailing of the notice of deficiency." The question therefore is whether the petitioner *188 herein raises the "point on which the overpayment depends". If it does the overpayment should be allowed. If it does not respondent's contention should be sustained. Producers Oil Corporation, 43 B.T.A. 9. The petition makes Exhibit A attached hereto a part of the petition. Exhibit A is the notice of deficiency and respondent's statement accompanying is showing and explaining the adjustments on the basis of which the deficiency was determined. One of such adjustments was a credit for income tax paid to foreign governments in the amount of $957.17 which petitioner had not taken in its income tax return. The allowance of this credit was accepted by petitioner and has been adhered to by respondent throughout the proceedings herein. The payment of the amount so credited and the correctness of its allowance as a credit are uncontroverted facts set forth in the petition. Such payment by petitioner and its allowance by respondent as a credit to tax constitute the basis or point upon which overpayment depends. The point upon which the fact of overpayment depends is not the claim therefor in a petition timely filed but the facts set forth in such petition which if proved establish *189 overpayment. Not only were facts set forth in the petition here which squarely raised the point upon which overpayment depends, but the parties agree that such facts establish overpayment. Petitioner did not state specifically in its petition that it claimed an overpayment but it asked for decision under Rule 50. That means that petitioner claimed whatever a computation in accordance with the established facts of the case showed it entitled to receive. We think petitioner's claim of overpayment was not barred by the statute of limitations and that it is entitled to a decision therefor. Moreover, the overpayment is necessarily taken into account in the computation under Rule 50 in determining whether there was or was not a deficiency in income tax.