## ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61006.   Promulgated July 31, 1934.

*Earl W. Shinn, Esq.*, for the petitioner.
*John D. Foley, Esq., James K. Polk, Jr., Esq., Walter W. Mahon, Esq.*, and *H. F. Noneman, Esq.*, for the respondent.

### OPINION.

LEECH: This proceeding seeks redetermination of a deficiency of $1,127.51 asserted by respondent for the calendar year 1929. The facts are that petitioner, a life insurance company with home office at St. Louis, Missouri, owned at the close of the calendar year 1929, the building in which its home office was located, this building on that date having a cost of $112,500. For that year the rents from tenants amounted to $750, taxes paid amounted to $1,573.65, and the expense of operating and maintaining the building during the year was $5,555.30. A reasonable allowance for depreciation on this building for the year in question was $1,761.21. For that year petitioner did

not include in income in its return any sum representing the rental value of office space which it used in this building.

During the calendar year 1929 petitioner sustained depreciation on furniture and fixtures used in the investment department of its business in the sum of $217.95 and in the underwriting department of such business in the sum of $577.20.

In computing the deficiency here appealed from respondent disallowed the deductions taken by petitioner representing depreciation on its home office building, the taxes paid on such building and the expense of operating the building as above set out. Furthermore, respondent allowed the deduction representing depreciation of petitioner's furniture and fixtures used in the investment department of its business, but disallowed the depreciation of $577.20 sustained upon furniture and fixtures of the underwriting department of such business.

This proceeding was considered by us and a memorandum opinion entered September 21, 1933, holding upon authority of *Independent Life Insurance Co. of America*, 17 B.T.A. 757, and *Reserve Loan Life Insurance Co.*, 18 B.T.A. 359, that petitioner was entitled to the deduction asked for taxes, operating expenses, and depreciation with respect to its home office building and that on authority of *Lafayette Life Insurance Co.*, 26 B.T.A. 946, petitioner was entitled to the deduction of the depreciation sustained upon furniture and fixtures used in the underwriting department of its business. The decision under that opinion was entered December 9, 1933.

On March 9, 1934, respondent filed a motion asking that the decision entered December 9, 1933, be vacated, the memorandum opinion entered be recalled, and that the proceeding be reconsidered by the full Board. Petitioner on March 19, 1934, filed its motion to strike respondent's motion.

These two motions by respondent and petitioner were heard together on March 21, 1934, and taken under advisement.

Petitioner's motion to strike is upon four grounds. The first is that the motion was filed too late, as it is shown to have been filed after 3:30 p.m. on March 9, 1934, whereas the decision of the Board must be considered as rendered at 9 a.m. on December 9, 1933, and consequently it became final not later than 9 a.m. on March 9, 1934.

This contention requires little discussion. We do not agree with petitioner's theory that our decision entered upon a certain date must be considered as having been entered at 9 a.m. on that date. Respondent filed his motion on March 9, 1934, which was the last day of the period at the expiration of which the Board's decision would become final and the proceeding no longer be subject to our consideration. We hold that the motion in question was timely

filed. Section 906 (d) of the Revenue Act of 1924, as amended by section 1000 of the Revenue Act of 1926; cf. *United Telephone Co.*, 1 B.T.A. 450.

The other three grounds asserted in petitioner's motion to strike, namely, that the motion was not seasonably filed; that it failed to allege legal grounds for the relief sought; and that it was dilatory, were not pressed, and, in any event, in our opinion, not sustained. The motion to strike is accordingly denied.

Although neither party has raised it, the record suggests the question that, since the jurisdiction of the Board is wholly statutory and its control over its decisions thus limited to the period of three months following the entry thereof (sections 1101 (a) and (b) of the Revenue Act of 1932) during which petitions for their review may be filed (section 1005 (a) of the Revenue Act of 1926), where, as here, more than three months have elapsed since entry of its decision though a motion for vacation thereof was properly filed within such three months, is the Board *functus officio* as to the motion to vacate such decision? So far as we know, the decisions of the courts uniformly support our negative answer to this query. *Helvering* v. *Continental Oil Co.*, 68 Fed. (2d) 750 (C.A., D.C.); *Burnet* v. *Lexington Ice & Coal Co.*, 62 Fed. (2d) 906 (C.C.A., 4th Cir.); *Griffiths* v. *Commissioner*, 50 Fed. (2d) 782 (C.C.A., 7th Cir.); cf. *Garden City Feeder Co.*, 27 B.T.A. 1132.

Following the hearing upon respondent's motion for vacation and reconsideration and while that motion was under consideration by us, the United States Supreme Court, on May 21, 1934, handed down its decision in *Helvering* v. *Independent Life Insurance Co.*, 292 U.S. 371, reversing the decision of the Circuit Court of Appeals, 67 Fed. (2d) 470, which had affirmed our decision in *Independent Life Insurance Co. of America*, 17 B.T.A. 757. By its decision the Supreme Court sustained the constitutionality of section 245 (b) of the Revenue Act of 1926. It was held that insurance companies must include in income the rental value of space which they occupy in their own buildings as a condition of their right to deduct depreciation, taxes, and expenses in respect to such building. The Supreme Court also, on May 21, 1934, in *Rockford Life Insurance Co.* v. *Commissioner*, 292 U.S. 382, held an insurance company not entitled to deduct depreciation on furniture and fixtures used in the underwriting department of its business. This decision overrules our holding on this question in *Lafayette Life Insurance Co., supra.*

In view of the decision of the Supreme Court upon these questions it is apparent that the conclusions reached by us in the memorandum opinion entered herein on September 21, 1933, were in error. The decision entered herein December 9, 1933, is accordingly vacated and

set aside and our memorandum opinion of September 21, 1933, is hereby recalled.

We hold upon authority of *Helvering* v. *Independent Life Insurance Co.*, *supra*, that petitioner is not entitled to the deductions claimed for taxes, operating expenses, and depreciation with respect to its home office building. We further hold, upon authority of *Rockford Life Insurance Co.* v. *Commissioner, supra*, that petitioner is not entitled to the deduction sought of $577.20 as depreciation sustained upon furniture and fixtures used in the underwriting department of its business.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*