J. S. RIPPEL & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 59009. Promulgated November 2, 1937.

*John A. Conlin, Esq.*, for the petitioner.
*Paul A. Sebastian, Esq.*, for the respondent.

OPINION.

BLACK: On June 29, 1934, the Board's report in this proceeding was promulgated and on August 6, 1934, the Board's decision pursuant to its report was entered to the effect that there is a deficiency in petitioner's Federal income tax for the year 1928 in the amount of $1,920.01. No petition for review to a United States Circuit Court of Appeals was ever filed in the proceeding. On October 14, 1937, petitioner filed a motion for reconsideration, alleging as grounds therefor, among other things, as follows:

That said decision of the Board was rendered in error, because:

(1) A memorandum decision in an issue of exact similar facts was made by this Board in Philip N. Lillienthal and reversed by the United States Circuit Court of Appeals for the Ninth Circuit on December 5, 1935 (C. C. A. 80 Fed. 2nd, 411)

(2) Also see decision by the Board in Frank M. McNabb, 33 B. T. A. 192, in which Member Trammell, who wrote the opinion in the Rippel case, stated: "I now think that the Rippel case was in error, and should not be followed."

(3) Further, the decision by the Supreme Court in John J. Watts supports the now contention that the Rippel & Co. decision by this Board was in error.

The decision in the Rippel case by the Board was promulgated June 29, 1934, and Order entered August 6, 1934.

Petitioner, Rippel & Co., did not appeal to the Circuit Court but paid the tax under protest, and, under date of January 7, 1935, lodged with the Bureau of Internal Revenue claim for refund, which has been examined by the Commissioner of Internal Revenue and rejected in view of the final decision by this Board.

In fairness and in justice to petitioner it is urged that this Board reopen and reconsider its decision because of subsequent decisions in the higher courts holding that facts in issue similar as those in the Rippel case were non-taxable reorganizations.

(See Buttgenback & Co., 63 Fed. (2d) 630, granting petition to review)
(See also Garden City Feeder Co., 27 B. T. A. 1132)

If the Board had authority and jurisdiction to entertain petitioner's motion for reopening and reconsideration of its report promulgated June 29, 1934, and its decision entered August 6, 1934, it might be granted.

The decision of the Board in the case of *J. S. Rippel & Co.*, 30 B. T. A. 1146, appears to be in conflict with the opinion of the United States Circuit Court of Appeals for the Ninth Circuit in the case of *Lilienthal* v. *Commissioner*, 80 Fed. (2d) 411, involving a similar transaction. However, the Board's decision in the *J. S. Rippel & Co.* case has now become final and the Board does not consider that it has any power or authority to reopen it. Section 1001 (a) of the Revenue Act of 1926, as amended by the Revenue Act of 1932, reads as follows:

The decision of the Board rendered after the enactment of this act * * * may be reviewed by a Circuit Court of Appeals, or the Court of Appeals of the District of Columbia, as hereinafter provided, if a petition for such review is filed by either the Commissioner or the taxpayer within three months after the decision is rendered.

As has already been stated, the Board's decision in the *J. S. Rippel & Co.* case was entered more than three years ago and no petition for review thereof was filed with any United States Circuit Court of Appeals. Section 1005 of the Revenue Act of 1926 provides the date on which the Board's decision becomes final. It reads in part as follows:

The decision of the Board shall become final—
(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time * * *.

It seems plain that under the facts above stated, and the provisions of the foregoing statute, the Board's decision has become final and that we are now without any statutory authority to reopen it, notwithstanding it appears that an error of law may have been committed in the rendering of our decision.

It is well settled that the Board is a tribunal of limited authority and jurisdiction, and where the statute provides that our decisions shall, under certain circumstances, become final, we have no power to reopen and change them when such finality has taken place. The statute which prescribes when the Board's decision shall become final is somewhat similar to a statute of limitation. It is a statute of repose. It works for and against the Government, as it works for and against the taxpayer. There have been cases decided by the Board in favor of the taxpayer where no petition for review was filed and the Board's decision has become final, where a subsequent

decision by the Supreme Court of the United States on the same point has shown that the Board's decision was wrong. The Commissioner is not permitted, however, in such cases where the Board's decision has become final, to reopen them. The same rule must naturally and properly apply to the taxpayer.

We think the case of *Buttgenbach & Co.* v. *Commissioner*, 63 Fed. (2d) 630, cited by petitioner, is distinguishable on its facts. In that case both parties stipulated that an error had been made because of a mutual mistake, and joined in asking the Board to correct it. We have no such stipulation here. In the instant case, there was a hearing on the merits and the error in the Board's decision if any, is one of law and not one occasioned by a mutual mistake of fact between the parties.

We do not see where the case of *Garden City Feeder Co.*, 27 B. T. A. 1132, also cited by petitioner, has any application. In the latter case no question whatever had arisen as to the Board's decision having become final. No such question was in the case. For the reasons above stated, an order will be entered, denying petitioner's motion for reopening and reconsideration.