## COMMISSIONER OF INTERNAL REVENUE v. DALLAS' ESTATE.

### No. 57.

Circuit Court of Appeals, Second Circuit.
March 25, 1940.

Samuel O. Clark, Jr., Sewall Key, and John J. Pringle, Jr., all of Washington, D. C., for petitioner.

No appearance for respondent.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether refund for overpayment of income tax was barred by limitation. Dallas, the taxpayer, filed income tax return for the year 1933, showing net income of $17,339 and tax of $1,120.20.

By error he included in gross income an item of $19,566 received from a firm of which he had formerly been a member; of the amount received only $4,186.20 in fact represented income. He paid the tax in installments, $283.04 on May 18, 1934, $560.10 on June 15, 1934 and $280.01 on December 15, 1934.

The Commissioner on August 15, 1936 sent Dallas a notice of deficiency, stating that income from a trust in the amount of $2,062.69 should have been included in the return and that there was a tax deficiency of $244.97. Dallas filed petition with the Board of Tax Appeals on September 30, 1936. The petition merely set forth facts in contravention of the Commissioner's determination that the trust income should be taxed as income of Dallas. Dallas died later. His administrator discovered the error that had been made in reporting $19,566 as income, and on November 7, 1938 filed an amended petition with the Board, setting forth the facts concerning that amount and asking that the Board determine that the taxpayer had made an overpayment for 1933 in the full amount of the tax paid. The Commissioner's answer conceded the overpayment, but claimed that refund was barred by limitation. The Board held that there had been overpayment of $1,120.20, which was obviously right. But it also held that the amended petition related back to the filing of the original petition, and that consequently the last installment of tax, $280.01, had been paid within two years "before the filing of * * * the petition", within the meaning of section 322(d) of the Revenue Act of 1932.

Section 322 of the Revenue Act of 1932, as amended by section 809(c) of the Revenue Act of 1938, 26 U.S.C.A.Int.Rev. Acts, deals with refunds and credits. The paragraph of section 322 governing a case like the present one reads:

"(d) Overpayment Found by Board. If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax unless the Board determines as part of

its decision that such portion was paid within two years before the filing of the claim or the filing of the petition, whichever is earlier * * *."

■ The taxpayer's original petition to the Board was filed within two years from the payment of the last installment of tax, $280.01. The original petition, however, merely raised the issue whether the trust income was taxable to the taxpayer; it showed no ground of overpayment. The amended petition, in which it was for the first time claimed that the amount reported as income from the partnership did not constitute income and that an overpayment had been made, was filed more than two years after the last payment of tax. We are of opinion that the amended petition did not relate back to the date of filing the original petition, and that no portion of the tax was paid within two years before "the filing of the petition", as those words are used in section 322(d).

■■ A timely claim of refund asking repayment of tax on a specific ground may not be amended, after expiration of the time for filing claim, so as to set forth a new and unrelated ground of refund. United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398; United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405. The same principle must apply, we think, to petitions to the Board, so far as the right to recover an overpayment is concerned. A taxpayer may obtain refund for overpayment either through filing claim for refund with the Commissioner or through filing petition for redetermination of deficiency with the Board. Section 322(d) imposes a time limit of two years after payment both for filing of claim and for filing of petition. It would be incongruous to hold that while a claim could not be amended to set up different grounds for refund after expiration of the time limit, an amendment to a petition setting up different grounds for refund was effective though filed after expiration of the time limit. "The necessities and realities of administrative procedure", referred to in the Andrews case, supra [302 U.S. 517, 58 S.Ct. 319, 82 L.Ed. 398], are as potent against the relation back of an amended petition as of an amended claim.

■ It is quite true that as to deficiencies the Board may redetermine a deficiency greater than that asserted by the Commissioner in the notice of deficiency, and

may redetermine a deficiency on different grounds, even after expiration of the period. Davison v. Commissioner, 2 Cir., 60 F.2d 50. But that is because the statute, in section 272(c), 26 U.S.C.A.Int.Rev. Acts, makes what amounts to express provision to that effect as to deficiencies. As to overpayments the statutory provision, section 322(d), is not so broad.

Our conclusion is in accord with Commissioner v. Rieck, 3 Cir., 104 F.2d 294, where the facts were the same as in the present case. Refund of the overpayment was barred by the lapse of more than two years before the filing of the amended petition which first set up the grounds of overpayment.

Reversed.

SWAN, Circuit Judge (dissenting).

The present case involves only a small amount of money; the taxpayer has not even thought it worth while to enter an appearance in this court. But the construction placed upon the statute by the majority opinion, if followed, will control many important cases. Hence an expression of my views may be justified even though they have not prevailed with my brothers.

In my opinion the Board was right in holding that "the petition" referred to in section 322(d) is the taxpayer's original petition which initiates the proceeding before the Board, and that an amendment setting up facts showing an overpayment of tax relates back and is effective from the date of filing the original petition. In so ruling the Board followed its own prior decision in 35 B.T.A. 1178, which was subsequently reversed in Commissioner v. Rieck, 3 Cir., 104 F.2d 294.

Section 322 of the Revenue Act of 1932, 47 Stat. 242, deals with refunds and credits. Subdivision (a) expresses the general authorization for credit or refund where there has been an overpayment of tax. Subdivision (b) imposes a limitation period and forbids credit or refund after two years from the time the tax was paid, unless a claim therefor is filed before the expiration of such period. Subdivision (c) deals with the effect upon credits or refunds of the pendency of a proceeding before the Board disputing a deficiency asserted by the commissioner. And subdivision (d) declares the rights of the taxpayer when in such a proceeding the Board finds an overpayment. The text of subdivisions (c) and (d) is printed in the margin. *

An examination of section 322(c) discloses that "if the taxpayer files a petition

* "(c) Effect of Petition to Board. If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272(a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

"(1) As to overpayments determined by a decision of the Board which has become final; and

"(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; and

"(3) As to any amount collected after the period of limitation upon the beginning of distraint or a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

"(d) Overpayment Found by Board. If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision that such portion was paid within two years before the filing of the claim or the filing of the petition, whichever is earlier, or that such portion was paid after the mailing of the notice of deficiency; except that where the decision of the Board is rendered before the expiration of thirty days after the date of the enactment of the Revenue Act of 1938, the credit or refund may be made of any portion paid after the mailing of the notice of deficiency."

The last sentence of paragraph (d) above was added by section 809(c) of the Revenue Act of 1938, 52 Stat. 575.

with the Board" no credit or refund in respect to the tax for the year as to which the commissioner has asserted a deficiency shall be made by him and no suit shall be instituted by the taxpayer to recover any part of the tax unless or until there has been a final decision of the Board with respect to overpayments. It is to be noted that there is no suggestion in subdivision (c) that the stay shall be operative only if the petition alleges overpayments or a specific overpayment. On the contrary it seems clear that a petition which challenges the deficiency on any ground effects a stay against any credit or refund by the commissioner or suit by the taxpayer. And this is a reasonable construction because the pendency of the proceeding gives the Board jurisdiction to redetermine the tax liability for the taxable year. It may increase the deficiency above the amount asserted in the commissioner's deficiency notice, if a claim therefor is made by the commissioner "at or before the hearing or a rehearing." Section 272(e), 47 Stat. 234; Davison v. Commissioner, 2 Cir., 60 F.2d 50. Or it may find that there is no deficiency and that the taxpayer has made an overpayment. Section 322(d). And if the Board does find an overpayment and finds that any portion of the tax "was paid within two years before the filing of the claim or the filing of the petition, whichever is earlier," then such portion shall be refunded to the taxpayer. Now the words "the petition" as used in the above-quoted portion of subdivision (d) mean, in my opinion, the same paper mentioned in subdivision (c) as "a petition" filed with the Board. There, as already shown, the word "petition" refers to a petition which disputes the asserted deficiency on any ground. If Congress had meant something different in subdivision (d), it would have been easy to say "before the filing of the claim or the filing of the petition alleging overpayment, whichever is earlier."

Practical considerations support the construction for which I contend. When a taxpayer pays the tax indicated by his own return, he is of course unaware that he has overpaid his tax. If thereafter the commissioner mails him a deficiency notice and he files a petition with the Board, his petition will in all probability challenge only the grounds of liability asserted in the deficiency notice. This is enough to give the Board jurisdiction to determine the correct tax liability for the taxable year. The taxpayer is thereby relieved from any necessity of filing a claim for refund with the commissioner within two years after the tax was paid, and his attorney will be very likely to postpone examining the original return in detail until he is preparing for the hearing. Then the taxpayer learns for the first time that he has already overpaid his tax. It may then be too late to file a claim with the commissioner. If it is also too late to amend his petition, the result will be most unjust, for by hypothesis the government has received more money than was due. Such an unjust result can be avoided by interpreting "the petition" as the Board did, and, as I think, correctly.

It is urged that amendments to claims for refund have been dealt with in analogy to the rules of pleading; that a specific claim may not be amended to set forth a new and unrelated ground after expiration of the time for filing claims; and that it would be incongruous not to apply the same rule to an amendment to the petition. I am unable to appreciate the incongruity. The rules laid down with respect to claims for refund are based not so much upon the analogies to pleading as on "the necessities and realities of administrative procedure." United States v. Andrews, 302 U.S. 517, 524, 58 S.Ct. 315, 319, 82 L.Ed. 398. A specific claim directs the commissioner's attention to specific facts. Having investigated those facts sufficiently to reach a determination whether to grant or deny the requested relief, the commissioner should not by an untimely amendment be called upon to investigate an unrelated fact situation. The purpose of the limitation is to put an end to repeated auditings by the commissioner at the taxpayer's request and to require the taxpayer to request relief promptly. But where a timely claim has been filed in general terms and has been the basis of an investigation which disclosed facts necessary to the commissioner's action in making a refund, an amendment after the limitation period which merely makes more definite the matters already within his knowledge, or which, in the course of his investigation, he would naturally have ascertained is permissible. United States v. Andrews, supra. In my opinion the taxpayer's petition to the Board is more analogous to a general than a specific claim. It initiates a proceeding in which the Board has jurisdiction to determine the correct tax liability of the

petitioner. The taxpayer's "cause of action" in a proceeding before the Board is a more inclusive concept and the petition is entitled to greater freedom of amendment than is a specific claim for refund filed with the commissioner. I have seen no answer to the Board's arguments in support of this view reported in Rieck v. Commissioner, 35 B. T. A. 1178. If the commissioner may amend his answer at any time to claim an increased deficiency, it is reasonable to allow the taxpayer a similar privilege of amendment to set up facts showing that no deficiency but an overpayment existed at the time the commissioner determined the alleged deficiency. I do not find in the statute any expression of a contrary intention. In my opinion the Board's order should be affirmed.