## DENHOLM & McKAY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3797.

Circuit Court of Appeals, First Circuit.

Dec. 14, 1942.

See, also, 39 B.T.A. 767, 41 B.T.A. 986.

Howe P. Cochran, of Washington, D. C. (Margaret F. Luers, of Washington, D. C., on the brief), for petitioner for review.

Joseph M. Jones, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Samuel H. Levy, and Arthur Manella, Sp. Assts. to the Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

For present purposes, it stands conceded that Denholm & McKay Company, the taxpayer-petitioner herein, made an overpayment of income tax for its fiscal year ending January 31, 1935, in the sum of $821.37. In its attempt to obtain a refund, the taxpayer has run into a legal obstacle of a somewhat unusual nature, and one not covered by any decided case, so far as we can discover.

The case, in brief, is this: After hearing upon a petition for redetermination of a deficiency, the Board duly entered its decision to the effect that there was no deficiency and, in addition, that the taxpayer was entitled to a refund of an overpayment for the tax year in question. *After* the period of 30 days within which, by the then applicable rules of the Board,[1] a petition

---

[1] Rules of Practice, United States Board of Tax Appeals (14th Ed.), effective July 1, 1938:

"Rule 19.—*Motions.* Motions must be timely * * * Motions will be acted upon as justice may require and may, in the discretion of the Board, be placed upon the calendar for argument. * * *

"Motions for rehearing, reconsideration, further hearing, and the like, to be considered timely, shall be made within 30 days after promulgation or entry of the report.

"Motions to vacate, correct, or revise a decision of the Board, to be considered timely, shall be made within 30 days after entry of the decision."

for rehearing might be filed, but *before* the expiration of the statutory period of three months allowed for the filing of a petition for review in this court,[2] the Commissioner filed before the Board a motion for reconsideration. The Board's docket entries disclose no action by the Board on this unseasonable motion until a date long after the expiration of the three months' period for court review, when the Board vacated its decision in the taxpayer's favor. Thereafter, it entered a new decision, 41 B.T.A. 986, determining that the overpayment was barred from allowance by the statute of limitations. The taxpayer now, in its petition to review the new decision, contends that the Board's earlier decision had become final and beyond the Board's power to reopen. We think that the taxpayer is right.

The taxpayer's income tax return for the year ending January 31, 1935, showed an amount due of $821.37. This sum was paid by the taxpayer on April 18, 1935. On June 24, 1937, the taxpayer duly filed before the Board its original petition for redetermination of the deficiency found by the Commissioner. This petition made no specific claim for a refund, though it contained a general prayer for "such other and further relief as the nature of this case may warrant." The Commissioner answered the petition. Thereafter, on May 7, 1938, the taxpayer filed an amended petition, which included a prayer for a refund based upon a point not theretofore brought into issue, namely, that the taxpayer in its return had omitted to claim an allowable deduction in respect to certain accrued taxes owing to the city of Worcester. The

Commissioner's answer to the amended petition raised no question as to the statute of limitations.

The Board on April 14, 1939, handed down its opinion, 39 B.T.A. 767, in the taxpayer's favor on the petition and amended petition. On May 26, 1939, the Commissioner, pursuant to the Board's Rule 50, filed its computation conformable to the Board's opinion, showing a refund of $821.-37 due to the taxpayer. Shortly thereafter, on June 5, 1939, the Commissioner filed a motion for leave to withdraw this computation. In this motion the Commissioner raised for the first time the contention that since the taxpayer's original petition did not claim any overpayment, and since the taxpayer's amended petition was filed more than three years after the date of the alleged overpayment, the said overpayment could not be allowed as a credit or refund under § 322(d) of the Revenue Act of 1934, as amended by § 809(a) of the Revenue Act of 1938.[3] The Commissioner cited as authority on the point Commissioner v. Rieck, 3 Cir., 1939, 104 F.2d 294. A hearing was held on July 5, 1939, on this issue as to the statute of limitations. The Board member rejected the Commissioner's contention and entered a decision July 24, 1939, reciting: "That there is an overpayment in income tax for the fiscal year ended January 31, 1935, in the amount of $821.37, which was paid within less than three years before the filing of the original petition." If, as the taxpayer contends, this decision became final, the issue as to the statute of limitations is res judicata between the Commissioner and the taxpayer[4], and it is the ministerial duty of the Com-

[2] Int.Rev.Code, § 1142, 26 U.S.C.A. Int. Rev.Code § 1142: "The decision of the Board rendered after February 26, 1926 * * * may be reviewed by a Circuit Court of Appeals, * * * as provided in section 1141, if a petition for such review is filed by either the Commissioner or the taxpayer within three months after the decision is rendered, * * *."

[3] Revenue Act of 1934, § 322(d), 48 Stat. 750–751, as amended by Revenue Act of 1938, § 809(a), 52 Stat. 575, 26 U.S.C.A. Int.Rev.Acts, page 756:

"§ 322. Refunds and Credits

* * * * * * *

"(d) Overpayment Found by Board. If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the defi-

ciency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. * * * No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision that such portion was paid within three years before the filing of the claim or the filing of the petition, whichever is earlier, or that such portion was paid after the mailing of the notice of deficiency; * * *."

[4] See Continental Petroleum Co. v. United States, 10 Cir., 1936, 87 F.2d 91, 94, certiorari denied, 1937, 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883; Kelly v. United States, 9 Cir., 1937, 90 F.2d 73, certiorari denied, 1937, 302 U.S. 730, 58 S.Ct. 54, 82 L.Ed. 564; Donald v. J. J.

missioner to make the credit or refund, whether or not the case of Commissioner v. Rieck, supra, was correctly decided, as to which we intimate no opinion.

On September 8, 1939, more than 30 days after the date of the Board's decision, the Commissioner filed a "Motion to Vacate Decision and for Reconsideration," urging again the point that no credit or refund of the overpayment could be allowed because the taxpayer's amended petition was filed more than three years after the date of the alleged overpayment. The Board member entered an order on April 4, 1940, vacating the decision of July 24, 1939, the order reciting that the Commissioner's said motion "was duly entertained by the Board, action thereon being postponed pending action of the Supreme Court on application for writ of certiorari in the case of Rieck v. Helvering [3 Cir., 104 F.2d 294,][5] and to await decision of the Circuit Court of Appeals for the Second Circuit in Commissioner v. Estate of George M. Dallas."[6] Despite this recital, the Board's docket entries disclose no action by the Board by way of entertaining the Commissioner's motion for reconsideration prior to April 4, 1940, which was over eight months after the entry of the original decision.

Subsequently, the Board member handed down an opinion on April 30, 1940, 41 B.T. A. 986, which was reviewed by the Board, to the effect that the taxpayer's amended petition raising a new issue, "filed more than three years after the payment of the tax, does not relate back to the time of filing of the original petition for the purpose of applying section 322(d) of the Revenue Act * * *." On February 27, 1942, the decision now under review was entered ordering and deciding: "That there is an overpayment in income tax for the fiscal year ended January 31, 1935, in the sum of $821.37, which is barred from allowance under the opinion of the Board promulgated April 30, 1940."

Ordinarily, a court does not lose power to vacate a judgment merely upon the lapse of the statutory period during which an appeal may be taken. Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 136, 57 S.Ct. 382, 81 L.Ed. 557. But in § 1005(a) of the Revenue Act of 1926, 44 Stat. 110, 111 (now Int.Rev.Code § 1140), Congress has set out in precise detail the dates on which decisions of the Board of Tax Appeals become final.[7] As we pointed out in Sweet v. Commissioner, 1 Cir., 1941, 120 F.2d 77, 81, "final" as consistently used in this section of the revenue act "means that at the indicated point of time the decision of the Board must stand as rendered, without power in the Board or in the courts to modify it thereafter." Under § 1005(a)(1) the decision of the Board becomes final "Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time." If the Board's decision of July 24, 1939 became final within three months after that decision was rendered, the Board was powerless to vacate it thereafter. J. S. Rippel & Co.

White Lumber Co., 5 Cir., 1934, 68 F. 2d 441; Greenbaum v. United States, Ct. Cl., 1936, 17 F.Supp. 83.

[5] Certiorari was subsequently denied in this case. Rieck v. Helvering, 1939, 308 U.S. 602, 60 S.Ct. 138, 84 L.Ed. 504.

[6] Commissioner v. Dallas' Estate, 110 F.2d 743, was decided by the Second Circuit March 25, 1940, in favor of the Commissioner, following the decision of the Third Circuit in Commissioner v. Rieck, 104 F.2d 294.

[7] The reasons which persuaded Congress to make such precise provision as to the dates on which decisions of the Board become final are set forth in the Committee reports in almost identical language. H. Rep. 1, 69th Cong., 1st Sess. (1925) 20, 21; S. Rep. 52, 69th Cong., 1st Sess. (1926) 37, 38. The House report significantly states:

"Court review.—Finality of decisions.— Section 916 [which became § 1005] prescribes the date on which a decision of the Board (whether or not appeal thereon is had) is to become final. Inasmuch as the statute of limitations upon assessments and suits for collection, both of which are suspended during review of the Commissioner's determination, commences to run upon the day upon which the Board's decision becomes final, and inasmuch as the power to make a jeopardy assessment terminates upon the commencement of proceedings to review a decision of the Board, it is of the utmost importance that this time be specified as accurately as possible. *In some instances in order to achieve this result the usual rules of law applicable in court procedure must be changed. For example, the power of the court of review to recall its mandate is made to expire 30 days from the date of issuance of the mandate.*" (Italics added.)

v. Commissioner, 1937, 36 B.T.A. 789; Sweet v. Commissioner, supra.

 Despite statutory provisions requiring appeals to be taken within a stated period "after the entry of the judgment" or "after the judgment is rendered" or words to the same effect, it has long been held that if a petition for rehearing is seasonably presented and entertained by the court, the time limited for appeal does not begin to run until the petition is disposed of. Brockett v. Brockett, 1844, 2 How. 238, 11 L.Ed. 251; Memphis v. Brown, 1876, 94 U.S. 715, 24 L.Ed. 244; Texas Pacific Ry. Co. v. Murphy, 1884, 111 U.S. 488, 4 S.Ct. 497, 28 L.Ed. 492; Aspen Mining & Smelting Co. v. Billings, 1893, 150 U.S. 31, 14 S.Ct. 4, 37 L.Ed. 986; Northern Pacific R. R. v. Holmes, 1894, 155 U.S. 137, 15 S.Ct. 28, 39 L.Ed. 99; Kingman & Co. v. Western Mfg. Co., 1898, 170 U.S. 675, 18 S.Ct. 786, 42 L.Ed. 1192; United States v. Ellicott, 1912, 223 U.S. 524, 32 S.Ct. 334, 56 L.Ed. 535; Chicago Great Western R. R. v. Basham, 1919, 249 U.S. 164, 39 S.Ct. 213, 63 L.Ed. 534; Citizens' Bank v. Opperman, 1919, 249 U.S. 448, 39 S.Ct. 330, 63 L.Ed. 701; Morse v. United States, 1926, 270 U.S. 151, 46 S. Ct. 241, 70 L.Ed. 518; Gypsy Oil Co. v. Escoe, 1927, 275 U.S. 498, 48 S.Ct. 112, 72 L.Ed. 393; United States v. Seminole Nation, 1937, 299 U.S. 417, 57 S.Ct. 283, 81 L.Ed. 316. The foregoing rule has been applied to timely petitions for rehearing filed in the Board of Tax Appeals; in such cases the period for filing a petition for court review does not begin to run until the Board has disposed of the petition for rehearing. Griffiths v. Commissioner, 7 Cir., 1931, 50 F.2d 782; Burnet v. Lexington Ice & Coal Co., 4 Cir., 1933, 62 F.2d 906; Helvering v. Continental Oil Co., 1933, 63 App.D.C. 5, 68 F.2d 750; Helvering v. Louis, 1935, 64 App.D.C. 263, 77 F.2d 386, 99 A.L.R. 620. The common explanation is that when such a timely petition for rehearing is filed, the judgment does not take final effect for the purposes of appeal until the petition is disposed of. Northern Pacific R. R. v. Holmes, supra, 155 U.S. at page 138, 15 S.Ct. 28, 39 L.Ed. 99; Kingman v.

Western Mfg. Co., supra, 170 U.S. at page 678, 18 S.Ct. 786, 42 L.Ed. 1192; United States v. Ellicott, supra, 223 U.S. at page 539, 32 S.Ct. 334, 56 L.Ed. 535; Citizens' Bank v. Opperman, supra, 249 U.S. at page 450, 39 S.Ct. 330, 63 L.Ed. 701.

 What is meant by "entertainment" of the petition for rehearing has not been entirely clear, as we had occasion to observe in Ortiz v. Public Service Commission, 1 Cir., 1940, 108 F.2d 815, 817. Apparently it means merely that the court considers on the merits the grounds urged in the petition for rehearing. See Texas Pacific Ry. Co. v. Murphy, supra, 111 U.S. at page 489, 4 S.Ct. 497, 28 L.Ed. 492; United States v. Seminole Nation, supra; Bowman v. Lopereno, 1940, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177; Payne v. Garth, 8 Cir., 1922, 285 F. 301, 309. When the published rules of the court permit the filing of a petition for rehearing within a stated period, that means that the court will ordinarily consider such petition on its merits, i. e., entertain it.[8] Ortiz v. Public Service Commission, 1 Cir., 1940, 108 F.2d 815, 816; Warren v. Territory of Hawaii, 9 Cir., 1941, 119 F.2d 936, 938, 939. It is not requisite that the motion for rehearing be set down for argument. Citizens' Bank v. Opperman, supra; Warren v. Territory of Hawaii, supra.

Thus far we have referred to petitions for rehearing seasonably filed.

 A petition for rehearing may be filed out of time, in two senses; (1) it may be filed after the period prescribed by rule of court within which such petitions may be filed, but before the statutory period for appeal has expired, and (2) it may be filed after the statutory period for taking an appeal has elapsed.

 If untimely in the first sense, the court may nevertheless grant special leave for the filing of the petition for rehearing, which would indicate that the grounds urged in such petition will be considered on their merits. This is "entertainment" of the untimely petition; and the time for taking an appeal will not begin to run un-

---

8 Perhaps, if such a petition, though filed within the time allowed, were ordered struck from the files, or denied, on the ground that it contained scandalous or contemptuous matter, without consideration of the merits, the petition would be deemed not to have been "entertained" by the court; so that the time for taking an appeal would run from the date of the entry of the judgment.

til the petition is disposed of. See United States v. Seminole Nation, 1937, 299 U.S. 417, 57 S.Ct. 283, 81 L.Ed. 316; Bowman v. Lopereno, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177. But if such petition is denied on the ground of untimely filing, or if a motion for leave to file such untimely petition is denied, then the time for taking an appeal runs from the date of the entry of the judgment. Morse v. United States, 1926, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518; Gypsy Oil Co. v. Escoe, 1927, 275 U.S. 498, 48 S.Ct. 112, 72 L.Ed. 393; Bowman v. Lopereno, 1940, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177.

If a petition for rehearing is untimely in the second sense, that is, if it is filed after the statutory period allowed for taking an appeal has elapsed, special considerations apply, as the Supreme Court pointed out in its recent decision in Pfister v. Northern Illinois Finance Corp., 63 S.Ct. 133, 87 L.Ed. ——, November 16, 1942. See also Mintz v. Lester, 10 Cir., 1938, 95 F.2d 590. That problem is not presented in the case at bar, for here the untimely motion for reconsideration was filed before the statutory period for review had elapsed. Indeed, if the motion here had been filed after such period the Board would have been powerless to entertain it, in view of the express provision of the revenue act rendering the Board's decision "final" upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, as we have pointed out above.

■ In the present case the Commissioner filed his motion for reconsideration of the Board's decision more than 30 days after the entry of the decision. The motion therefore was not timely under the Board's rules. The better practice would have been for the Commissioner to file a petition for leave to file a petition for reconsideration out of time.

■ Obviously the mere filing of the untimely motion for reconsideration did not extend the time allowed for filing a petition for court review. Commissioner v. Realty Operators, 5 Cir., 1941, 118 F.2d 286, 288. We think the Board must take some recorded action on the untimely motion before the expiration of the three months' period for court review; otherwise the Board's decision becomes "final" and beyond the power of the Board to reopen.

■ It was the evident purpose of Congress in prescribing so minutely the dates on which the Board decisions become final in the various situations, to enable the Commissioner to know exactly when he is at liberty to make the deficiency assessment, on the basis of which the Collector proceeds to collect the tax, in cases where the Board has found a deficiency, see Int.Rev.Code § 272(b) and (h), 26 U.S.C.A. Int.Rev.Code § 272(b, h); and, on the other hand, when the Board's decision has found an overpayment, to enable the Commissioner to know the exact date on which he comes under the duty of allowing the credit or making a refund, see Int.Rev.Code § 322(c) and (d), 26 U.S.C.A. Int.Rev.Code § 322(c, d). If the determination to "entertain" the untimely motion for reconsideration, that is, to receive it and consider it on its merits, is locked up in the bosom of the Board member,[9] and not disclosed by formal action until the Board decision is vacated many months later, as here, the Commissioner would have no way of knowing, after the expiration of three months from the date of the Board decision, whether such decision had become "final" or not. That would be the uncertain situation if we should hold, as the Commissioner urges us to do, that the Board need not take any recorded action on the untimely motion before the expiration of the three months' period for court review. Such a holding, we think, would defeat the Congressional purpose.

Prior to 1938 the Board had no published rule limiting the time within which a motion for reconsideration of a decision

---

[9] Under the Board's Rule 19, quoted in footnote 1, supra, it may be that a single Board member had no power to waive the 30-day rule and allow the filing of the untimely motion, even by action within the three months' period allowed for court review. See Commissioner v. Realty Operators, 5 Cir., 1941, 118 F.2d 286, 288. Under the amended Rule 19 now in force (Rules of Practice, 17th Ed., revised to June 1, 1942) "no motion to vacate or revise a decision may, except by special leave, be filed more than 30 days after the decision has been entered." Under this revised rule, we see no reason why such special leave might not be granted by order entered by a single Board member, provided such order were entered within three months after the date of the decision.

might be made. According to the practice of the Board, however, a motion for reconsideration filed at any time prior to the expiration of the period allowed for court review was considered timely and would be entertained. Garden City Feeder Co. v. Commissioner, 1933, 27 B.T.A. 1132; St. Louis Mutual Life Insurance Co. v. Commissioner, 1934, 30 B.T.A. 1319. Since such a motion was considered timely no recorded action had to be taken on it by the Board prior to the expiration of three months from the date of the decision. The mere filing of the motion tolled the statute of limitations. Burnet v. Lexington Ice & Coal Co., 4 Cir., 1933, 62 F.2d 906; Helvering v. Continental Oil Co., 1933, 63 App. D.C. 5, 68 F.2d 750. See Payne v. Garth, 8 Cir., 1922, 285 F. 301.

A timely motion, recognized as such either by the practice or published rules of the Board, retains the case within the Board's jurisdiction because special leave to file the motion is not necessary; the motion is automatically received by the Board and "entertained," that is, considered on its merits. There is no uncertainty as to the date of finality of the Board's decision in such a case. The decision does not become final until three months after the motion is denied, if it is denied. If an order is entered modifying the decision, the period allowed for review begins to run from the date of such modification. If the decision is vacated, and subsequently a new decision is entered, the new decision of course will not become final, at the earliest, until the lapse of three months from the date of its entry.

The trouble in the case at bar is that the motion for reconsideration was untimely, and therefore of no effect until the Board took some action indicating a determination to entertain it. The Board took no such action until more than three months after the date of the decision, at which time the decision had become final and the case had passed beyond the jurisdiction of the Board.

*The decision of the Board of Tax Appeals dated February 27, 1942, is vacated, and the case is remanded to the Board with directions to vacate its vacating order of April 4, 1940, thereby reinstating the decision of July 24, 1939.*