981 F.2d 1245
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kenneth A. HANLEY and Phyllis G. Hanley, Petitioner, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.
 No. 92-1035.
 United States Court of Appeals,
First Circuit.
 December 16, 1992
 
 APPEAL FROM THE UNITED STATES TAX COURT
 Kenneth A. Hanley and Phyllis G. Hanley on brief pro se.
 James A. Bruton, Acting Assistant Attorney General, Gary R. Allen, David English Carmack and Sara Ann Ketchum, Attorneys, Tax Division on brief for appellee.
 U.S.T.C.
 Affirmed.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 This appeal from a decision of the Tax Court finds its origin in a dispute between the appellants, Kenneth and Phyllis Hanley, and the Internal Revenue Service, over the Hanleys' income tax liability for 1986. In April 1987, the Hanleys filed income tax returns indicating that they were entitled to a tax refund of $53.85 for the previous year. The Hanleys' calculation was based, among other things, on a $28,000 deduction for a debt, owed to them by their daughter, which the Hanleys claimed had become "worthless." See 26 U.S.C. § 166(a) (allowing deductions for business debts that become worthless during taxable year).
 
 
 2
 The IRS disagreed with the Hanleys' computation. An IRS officer prepared a substitute return and calculated that the Hanleys actually owed the government $3,041 in income taxes for 1986. In May 1987, however, the IRS assessed the Hanleys in the amount of only $1,824. How the IRS arrived at the latter figure, and under what authority it made the assessment, are questions left unanswered by the record.[1] What does seem reasonably clear is that on several occasions in 1988 and 1990, the IRS levied on the Hanleys' property to satisfy this assessment.
 
 
 3
 In January 1990, the IRS issued a statutory notice of deficiency for tax year 1986 in the amount of $1,217.[2] The Hanleys petitioned the Tax Court for a redetermination of the deficiency. Their amended petition made two claims: (1) that the IRS had violated the Hanleys' Fifth Amendment rights and various provisions of the Internal Revenue Code by levying on and confiscating their property without "just cause," and (2), that the $1,217 figure stated in the notice of deficiency was, in several respects, "substantially incorrect."
 
 
 4
 By the time the matter came to trial in the Tax Court, the parties had narrowed the issues considerably. They had settled their differences with respect to all but one of the elements in the IRS's calculation of the deficiency. Therefore, they asked the Tax Court to determine only whether the Hanleys were entitled to take a deduction for the allegedly worthless debt. In addition, at the beginning of the trial, Mr. Hanley asked the Tax Court to eliminate that portion of the amended petition which accused the IRS of making an unlawful levy.
 
 
 5
 The parties submitted a number of exhibits, and Mr. Hanley and his daughter testified at the trial, confining their testimony to matters concerning the allegedly worthless debt. At the close of trial, the Tax Court judge announced his decision from the bench. He found that the Hanleys had failed to carry their burden of proving that the debt was worthless, and instructed the parties to recompute the deficiency, pursuant to Tax Court Rule 155, in light of this finding and the various adjustments made by agreement before trial.
 
 
 6
 The government recalculated the deficiency to be $524. The Hanleys disputed this figure, and submitted their own computation which said that they were entitled to a refund of $849. The Tax Court rejected the Hanleys' computation, accepted that of the IRS, and entered a decision on June 27, 1991.
 
 
 7
 Almost three months later, on September 23, 1991, the Hanleys filed a "Petition for Argument and Redetermination/Appeal of Court Order Dated June 27, 1991." The Tax Court identified the document as a motion to vacate the decision, and denied it as untimely. See Tax Court Rule 162 (motions to vacate or revise must be filed within thirty days of entry of decision). The Hanleys then filed a notice of appeal.[3]
 
 The Worthless Debt Deduction
 
 8
 Under 26 U.S.C. § 166(a), a taxpayer may take a deduction for business debts that become worthless during the taxable year. In order to qualify for that deduction, the Hanleys bore the burden of proving (1) that their daughter owed them a debt, and (2) that the debt became worthless sometime in 1986. See Tax Court Rule 142(a) ("The burden of proof shall be upon the petitioner"); see also United States v. Clark, 358 F.2d 892, 895 (1st Cir. 1966) ("It is well settled that the burden was on the taxpayer to show that he was entitled to the claimed deductions"). The government did not seriously dispute the existence of the debt; the Hanleys showed that they had loaned their daughter, Geraldine, a total of $29,550 to start a business. The government contended, and the Tax Court found, however, that the debt did not become worthless at any time in 1986.
 
 
 9
 " 'Worthlessness' is a question of fact to be determined by the Tax Court in the first instance." Cole v. Commissioner of Internal Revenue, 871 F.2d 64, 66 (7th Cir. 1989) and cases cited therein. We may therefore review the Tax Court's finding only for "clear error." See Manzoli v. Commissioner of Internal Revenue, 904 F.2d 101, 103 (1st Cir. 1990). A finding of fact is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 10
 We can detect no such error here. "Proof of worthlessness generally requires a showing of identifiable events demonstrating the valuelessness of the debt and justifying abandonment of hope of recovery." Cole v. Commissioner of Internal Revenue, 871 F.2d at 67 (citing Estate of Mann, 731 F.2d 267, 276 (5th Cir. 1984)). The Hanleys point, we take it, to the failure of Geraldine's business in late 1986 as such an "identifiable event." The Tax Court, however, had good reason to conclude that this event did not demonstrate that the debt had become valueless before the end of the year.
 
 
 11
 First, the record contains evidence which could have led the Tax Court to find that, at the close of 1986, the Hanleys had "repossessed," and still held, certain assets of Geraldine's business the sale of which might have resulted in at least partial repayment. In fact, Mr. Hanley did later sell these assets at a series of "tag sales."
 
 
 12
 Second, and more important, Geraldine testified that she had promised to repay the debt whether or not her business failed. The failure of the business alone, therefore, could not have demonstrated the valuelessness of the debt. Rather, the Hanleys might have justifiably abandoned hope of repayment only if some other event had led them to believe that Geraldine was unable or unwilling to keep her promise. The record describes no such event. It contains no evidence at all concerning Geraldine's financial status or job prospects in late 1986. And, far from suggesting that Geraldine had renounced the debt, the evidence shows that she continued to make payments on it, perhaps in 1987, and certainly in 1988, 1989, and 1990.
 
 The Recomputed Deficiency
 
 13
 The Tax Court's decision to accept the IRS' recomputation of the deficiency, and to reject the Hanleys' competing recomputation, was also a finding of fact which we review only for clear error. Again, we can find no such error. The government's calculation of the deficiency was, to say the least, plausible. "It is firmly settled ... that, '[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.' " DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)).
 
 Alleged Procedural Infirmities
 
 14
 Finally, the Hanleys seek to revive a vaguely stated claim that the IRS deprived them of due process of law by violating several statutes regulating the procedures for assessing and collecting unpaid taxes. The Hanleys had set forth a similarly worded procedural claim in the first paragraph of the amended petition they submitted to the Tax Court. However, on the day of trial, Mr. Hanley asked the judge to "eliminate" the claim, and the judge did so both physically and analytically, putting an "X" through the first paragraph of the amended petition (and noting "Omit per pet[itioner]"), and making no mention of the claim in his decision.
 
 
 15
 Whatever Mr. Hanley's motivation might have been for abridging his petition in this fashion, on the basis of the record this court can conclude only that the procedural claim was withdrawn from the Tax Court's attention before trial, and therefore was not presented to it for decision. That being the case, we have no occasion to assess the claim's merits. "[I]n reviewing a Tax Court decision, the duty of the court of appeals is to consider whether the Tax Court committed error. Plainly, the court of appeals lacks jurisdiction to decide an issue that was not the subject of the Tax Court proceeding...." Commissioner of Internal Revenue v. McCoy, 484 U.S. 3, 6 (1987).
 
 
 16
 Affirmed.
 
 
 
 [1]
 With few exceptions, the IRS is required by law to provide the taxpayer with a notice of deficiency, and to allow the taxpayer ninety days to petition for a redetermination of the deficiency in the Tax Court, before it can make an assessment and begin collecting the taxes due. 26 U.S.C. §§ 6212, 6213. See also Robinson v. United States, 920 F.2d 1157, 1158 (3d Cir. 1990) (notice of deficiency "serves as a prerequisite to a valid assessment by the IRS"). The record in this case does not make clear whether the IRS sent the Hanleys a notice of deficiency before making the 1987 assessment. No such notice appears in the record, and the government seems to concede in its appellate brief that it failed to send one, but the Hanleys-in a document they submitted to the Tax Court entitled "Petition for Reargument andRedetermination/Appeal"-state that "[o]n May 25, 1987 the Internal Revenue Service sent the Petitioner a Notice of Deficiency in the amount of $1,824.00...."
 
 
 [2]
 $1,217 appears to be the difference between the initial calculation of $3,041 in taxes owed, and the $1,824 assessed in 1987 and collected in 1988 and 1990
 
 
 [3]
 The government says that we should dismiss the appeal for lack of jurisdiction because notices of appeal from Tax Court decisions must be filed within ninety days of entry of the decision, 26 U.S.C. § 7483, and the Hanleys did not file their notice of appeal until December 24, some 181 days after the Tax Court entered its decision. The government acknowledges that the filing of a timely motion to vacate will re-set the clock on the time to appeal, butsays (1) that the filing of an untimely post-judgment motion has no effect on the time to appeal, see Denholm & McKay Co. v. Commissioner of Internal Revenue, 132 F.2d 243, 248 (1st Cir. 1942), (2) that motions to vacate Tax Court decisions must be filed within thirty days of the decision, and (3) that the Hanleys' "Petition for Argument and Redetermination/Appeal" was a motion to vacate, filed almost ninety days after the Tax Court entered its decision, and therefore well beyond the time limit set forth in the Rule
 The Hanleys say that the "Petition for Argument and Redetermination/Appeal" was not a motion to vacate, but a notice of appeal, albeit an informal one. They point to Fed. R. App. P. 3(c), which counsels that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal."
 Because we affirm the Tax Court decision on the merits, we need not determine in this case whether the "Petition for Argument and Redetermination/Appeal" so "clearly evinced" the Hanleys' intention to appeal, see Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam), as to justify construing it as a valid notice of appeal. It is a "familiar principle that where an appeal presents a difficult jurisdictional issue, yet the substantive merits underlying the issue are facilely resolved in favor of the party challenging jurisdiction, the jurisdictional inquiry may be avoided." Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 8 n.5 (1st Cir. 1991) (quoting Kotler v. American Tobacco Co., 926 F.2d 1217, 1221 (1st Cir. 1990)). See also Norton v. Mathews, 427 U.S. 524, 532 (1976).