5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Allan S. HALEY; Roberta J. Rowlands, Petitioners-Appellants,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70739.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 16, 1993.
 
 Appeal from a Decision of the United States Tax Court.
 USTC
 AFFIRMED IN PART AND DISMISSED IN PART
 Before: SNEED, POOLE, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allan Haley and Roberta Rowlands appeal the Tax Court's denial of their petition to redetermine an income tax deficiency for the 1975 tax year and the Tax Court's denial of their motion for leave to file out of time a motion to vacate or revise the Tax Court's denial of the petition. We affirm in part and dismiss in part.
 
 
 3
 * The Tax Court entered an order denying the taxpayers' petition for redetermination on July 19, 1990. Taxpayers filed a notice of appeal on November 27, 1991. "Review of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered." 26 U.S.C. Sec. 7483 (1988); see also Fed.R.App.P. 13(a). We lack jurisdiction if there is no timely notice of appeal. McCalden v. California Library Ass'n, 955 F.2d 1214, 1217 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992).
 
 
 4
 * Taxpayers argue the running of the time for appeal was suspended by their filing of a timely motion to vacate or revise the Tax Court's decision. See Fed.R.App.P. 13(a). "Any motion to vacate or revise a decision ... shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit." Tax Ct.R. 162.
 
 
 5
 On October 15, 1990, more than 30 days from the Tax Court's order, the taxpayers filed a motion for leave to file a motion to vacate or revise out of time. At the same time, they lodged with the Tax Court a motion to vacate or revise. In a September 26, 1991, order, the Tax Court denied the motion for leave to file out of time and directed the motion to vacate not be filed.
 
 
 6
 Taxpayers argue that their motion to revise or vacate was timely because the Tax Court's order of September 19, 1990, "modified" its order of July 19, 1990, and started a new period for appeal under the decision in Denholm & McKay Co. v. Commissioner, 132 F.2d 243 (1st Cir.1942). They contend their unfiled motion to vacate or revise should be deemed to have been timely filed on October 15, 1990. Therefore, they argue, pursuant to Fed.R.App.P. 13(a), the period for appealing the July 19, 1990, order should not have begun to run until September 26, 1991, when the Tax Court denied the taxpayers' motion for leave to file out of time. This argument must fail because the Tax Court's September 19, 1990, order merely clarified the July 19, 1990, order, did not change in any way the substantive effect of the July 19, 1990, order, and expressly stated "[t]he issuance of this order does not affect the running of the time period set forth in sections 7481 and 7483 of the Internal Revenue Code." We have examined the relevant parts of the record on this issue and have concluded that appellant's contention that the Tax Court "modified" its order of July 19, 1990, is not correct.
 
 B
 
 7
 Taxpayers also argue the filing of a motion for leave to file out of time suspends the running of the appeal period. However, they cite no case which supports this proposition. The cases which taxpayers do cite indicate only that a timely motion to vacate or revise suspends the appeal period, see, e.g., Griffiths v. Commissioner, 50 F.2d 782, 784 (7th Cir.1931),[1] and the grant of leave to file out of time followed by a denial of a motion to vacate or revise suspends the appeal period, see, e.g., Simon v. Commissioner, 176 F.2d 230, 231-32 (2d Cir.1949). In the present case, the Tax Court denied the motion for leave to file out of time, so no motion to vacate or revise was ever filed. We decline both to accept taxpayers' extended reading of Simon and to hold that the mere filing of a motion for leave to file out of time suspends the appeal period.
 
 C
 
 8
 Because we dismiss their appeal of the Tax Court's July 19, 1990, order and therefore do not reach their challenge to the merits of the Tax Court's decision, we also deny as moot the taxpayers' Amended Motion to Take Judicial Notice.
 
 D
 
 9
 Based on the foregoing analysis and our holding in Part II of this disposition, the taxpayers' appeal of the July 19, 1990, order is dismissed as untimely.
 
 II
 
 10
 Taxpayers appeal the Tax Court's September 26, 1991, order denying their motion for leave to file out of time. Because the taxpayers' notice of appeal was filed November 27, 1991, within 90 days of the September 26, 1991, order, we have jurisdiction pursuant to 26 U.S.C. Sec. 7483 and Fed.R.App.P. 13(a).
 
 
 11
 We review for abuse of discretion the Tax Court's denial of a motion for leave to file out of time. Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir.1988). "We will reverse for abuse of discretion only if we have a definite and firm conviction that the Tax Court committed a clear error of judgment in the conclusion it reached." Id.
 
 
 12
 Taxpayers argued in their motion that they had been unaware of the basis for a motion to vacate or revise, because they were unaware of certain facts regarding their representation by Brian Seery at an earlier stage of these proceedings. We conclude the Tax Court did not abuse its discretion in denying the taxpayers' motion, because taxpayers properly are chargeable with knowledge of their former counsel's actions during the course of the representation. See Kung v. FOM Inv. Corp., 563 F.2d 1316, 1318 (9th Cir.1977).
 
 
 13
 Although this disposition is brief, we note that we have examined the issues raised with great care. Appellant taxpayers' briefs raise many points that require analysis and thought. After engaging in that process, we are left with the distinct impression that appellant taxpayers injudiciously and inappropriately distanced themselves from their own petition, preferring until too late to leave it in the hands of attorneys provided by others. Appellant taxpayers' own lack of attention and diligence explains most of their procedural misfortunes. Rules are for a purpose. Failure to comply with rules has consequences. Under the circumstances, 13th-hour pleas for mercy and discretion from the Tax Court and the IRS are not well grounded.
 
 
 14
 AFFIRMED IN PART and DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time Griffiths was decided, the appeal period was six months, see Burnet v. Lexington Ice & Coal Co., 62 F.2d 906, 907 (4th Cir.1933), and there was no shorter period analogous to that prescribed by Tax Court R. 162 for filing a motion to vacate or revise, see Denholm, 132 F.2d at 248-49